McCray *v.* Cox.

Opinion delivered October 7, 1912.

SCHOOLS—ANNEXATION OF CONTIGUOUS TERRITORY—NOTICE.—The county court is authorized to annex contiguous territory to a single school

district when a majority of the legal voters of said territory and the board of directors of said single school district ask it by petition, without requiring the notice provided by section 7540, Kirby's Digest, to be given.

Appeal from Saline Circuit Court; *W. H. Evans*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellant petitioned the county court to annex contiguous territory to a single school district. Appellees, who are directors of the common school district from which the contiguous territory was to be taken, intervened to resist the application on the ground that the petitioners had not complied with section 7540, Kirby's Digest, in regard to the giving of notice of the proposed change.

The county court granted the prayer of the petitioners, and, upon appeal, the circuit court found that it had no jurisdiction because the notice required by section 7540, Kirby's Digest, had not been given, and dismissed the appeal. The petitioners have appealed to this court.

*J. S. Abercrombie*, for appellant.

Appellant school district was organized under a "special act" (Acts February 4, 1869), and the provisions of section 7540, Kirby's Digest, as to notice do not apply to special school districts. 60 Ark. 124; Kirby's Dig., § 7695.

*Mehaffy, Reid & Mehaffy*, for appellee.

The law applicable to this case in Kirby's Digest, § 7695. Section 7540, *Ib.*, applies to common school districts generally, and must be followed by single or special districts. The special act specifically states that the provisions of the general act shall apply, and 68 Ark. 130 does not apply. 60 Ark. 124; Kirby's Dig., § 7544; 54 Ark. 134.

HART, J., (after stating the facts). The law applicable to annexing contiguous territory to a single school district is contained in section 7695, Kirby's Digest, which reads as follows:

"The provisions of the general school laws of the State, which are now or may hereafter be in force, when not inapplicable, and so far as the same are not inconsistent with and repugnant to the provisions of this act, shall apply to districts organized under this act; and such provisions of such laws as

are inconsistent with, and repugnant to, the provisions of this act, and inapplicable to districts organized thereunder, shall have no operation, force or effect in such district. The county court shall annex contiguous territory to single school districts, under the provisions of this act, when a majority of the legal voters of said territory and the board of directors of said single district shall ask, by petition, that the same shall be done."

The sole question raised by the appeal is as follows: Can the county court annex contiguous territory to a single school district when a majority of the legal voters of said territory and the board of directors of said single school district ask it by petition, without requiring the notice provided in section 7540, Kirby's Digest, to be given?

Section 7540, Kirby's Digest, reads as follows: "When a change is proposed in any school district, notice shall be given by the parties proposing the change, by putting up hand-bills in four or more conspicuous places in each district to be affected, one of said notices to be placed on the public school building in each affected district. All of said notices to be posted thirty days before the convening of the court to which they propose to present their petition; said notices shall give a geographical description of the proposed change."

This section, we think, is applicable to common school districts, and was not intended to be made applicable to single school districts.

Appellant school district was organized under a special act for the regulation of schools in cities and towns, and section 7695, Kirby's Digest, which is a part of that act, expressly provides that "the county court shall annex contiguous territory to single school districts under the provisions of this act when a majority of the legal voters of said territory and the board of directors of said single districts shall ask by petition that the same shall be done."

Thus it will be seen that the Legislature expressly provided by a separate provision of said act the manner by which a single school district might annex contiguous territory to it. The annexation of the contiguous territory is to be made when a majority of the legal voters of said territory and the board of directors of said single school district shall ask it. The statute does not contemplate that the voters of the common school

district from which the contiguous territory is to be taken shall have any voice in the matter. Therefore, it would be a vain and useless thing to give them notice of the proceedings. We hold that the provision of section 7540, Kirby's Digest, in regard to giving notices of the proposed change is not applicable to special or single school districts.

It follows that the judgment of the circuit court must be reversed and the cause remanded for a new trial.