HUGHES *v.* ROBUCK.

Opinion delivered July 5, 1915.

1. SCHOOL DISTRICTS—DISSOLUTION—SPECIAL SCHOOL DISTRICTS.—Kirby's Digest, § 7548, providing for the dissolution of school districts, held to apply to both common school and special school districts.

2. SCHOOL DISTRICTS—LEGISLATIVE CONTROL—BOUNDARIES—CREATION.— Legislative control over the creation and boundaries of school districts is plenary, and subject only to the limitation that such action shall not impair the contracts or obligations of such districts.

3. SCHOOL DISTRICTS—DISSOLUTION.—It is error for the circuit court to quash an order of the county court, dissolving a special school district under the act of April 1, 1895 (Kirby's Digest, § 7548), because the petition asking such dissolution does not state the disposition to be made of the territory of the dissolved district.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; reversed.

*Smith & McCulloch* and *Daggett & Daggett,* for appellee.

1. Section 7548, of Kirby's Digest (Act April 1, 1895) does not apply to special school districts organized under the act of 1869 as amended by Acts 1909 and 1911; therefore, the county court is without authority to dissolve a special school district.

A review of the laws relating to schools leads to the conclusion that the law-makers have at all times recognized the fact that our school system has comprised two

methods of organization of territory into school districts, one, the common school district, and the other, the special district in cities and towns. In the first the method of organization and maintenance is vested in the county court; in the second there is no power, duty or authority whatever conferred upon the county court. The *county judge,* under the act of 1909, is required to call an election, on presentation of the required petition, but neither the county court nor the county judge has any voice in the organization of the district, because, when a majority of the electors vote for the creation of the district, it is *ipso facto* established. 103 Ark. 288.

The reasonable construction of the act of 1895, therefore, is that the Legislature had the two different school systems in mind in the enactment of that law, and only intended that it apply to those districts over which the county court had jurisdiction. 48 Ark. 307; 65 Ark. 529; 71 Ark. 556; 76 Ark. 309; 102 Ark. 401, 405; 111 Ark. 79; 105 Ark. 47.

2. If section 7548 does apply to special school districts, the petition filed was not in accord with the statute, and did not confer on the county court authority to dissolve the special district and re-establish the common school districts out of which the special district was formed.

The power to dissolve a district does not lie unless it is exercised in conjunction with the other power of attaching the territory to adjoining districts. 103 Ark. 446, 450.

*H. F. Roleson,* for appellants.

There is no reason why the provisions of section 7548 of Kirby's Digest should not apply to both common school districts and special school districts. The case of *Crow v. Special School District,* 102 Ark. 401, relied on by appellees, has no application to the question here. That case does not say that the above section does not apply to special school districts. It does hold that unless authority could be found in the act of 1909 for cutting off a portion of a district by the formation of a new district, no authority could be found anywhere, and that is true; but

there is authority for the dissolution of all school districts, and the act creating special school districts expressly provides that the provisions of the general school laws of the State at that time existing, or might thereafter be in force, should apply to special school districts. *Special School District No. 33 v. Eubanks,* 119 Ark. 117.

SMITH, J. This case involves the right of the county court to dissolve a special school district, and questions the sufficiency of a petition upon which that action was taken. The county court of Lee County had established a special school district known as Special School District H, and this district was later dissolved upon the petition of a majority of the residents thereof praying its dissolution. The petition, however, did not specify the apportionment which the petitioners desired made of the territory of the district.

Prior to the act of February 4, 1869, all school districts were of the same class, that is, were common school districts; but this act authorized the creation of special school districts in cities and towns, and conferred upon those districts certain enlarged powers, which powers have been increased by subsequent legislation. Sections 16 and 17 of this act, which are now section 7695 of Kirby's Digest, provided that "The provisions of the general school laws of the State which are now or may hereafter be in force, when not inapplicable, and so far as the same are not inconsistent with and repugnant to the provisions of this act, shall apply to districts organized under this act. * * *"

Until the passage of the act* approved April 1, 1895, entitled "An act to empower county courts to dissolve school districts," there was no authority in the law for the dissolution of either special school districts or common school districts, although there was provision in the law for the enlargement of such special districts and for changes in the boundaries of common school districts.

Section 1 of this act of 1895 provides that:

"The county courts of this State shall have power to dissolve any school district now established, or which may

---
*Kirby's Digest, § 7548. (Rep.)

hereafter be established in its county, and attach the territory thereof in whole or in part to an adjoining district or districts, whenever a majority of the electors residing in such district shall petition the court so to do."

(1-2) It is urged that the section quoted applies only to common school districts. But we see nothing in the act which justifies this construction. Its language is that the court shall have power to dissolve *any* school district now established; and in the face of this language we can not say that the Legislature intended this language to apply to districts of the one class, and not to districts of the other. It is said in all the cases that the legislative control over the creation and boundaries of school districts is plenary, subject only, however, to the limitation that such action shall not impair the contracts or obligations of such districts. *Special School Dist. No. 2 v. Special School Dist. of Texarkana,* 111 Ark. 379.

Section 3 of the act of 1895 provides for the apportionment of the indebtedness of any district which may be dissolved. But no such question is presented by the record in this case.

The judgment of the county court dissolving the special district was brought before the circuit court on certiorari, where it was asked that said judgment be quashed because of the failure of the petition upon which the judgment was pronounced to designate the districts to which the petitioners desired the territory of the dissolved district to be apportioned. But we do not concur in the view that this recital in the petition is jurisdictional. The statute does not require the petition for the dissolution of a district to designate the districts to which the petitioners desire the territory attached. This act of 1895 does not require the county court to dissolve the district upon the filing of a proper petition therefor. It merely confers upon the county court the authority to do so. A discretion abides with the court in passing upon the petition; but the court has no authority to dissolve any particular district except upon the filing of a petition conforming to the requirements of the act above quoted. The assignment of the territory of the dissolved district is one of the

things to be taken into account by the county court in determining how this discretion shall be exercised, and if the prayer of the petition is granted, the discretion of the court in the assignment of this territory is limited only by the duty of adjudging against the territory so distributed its pro rata part of the indebtedness of the district of which it was originally a part.

In the recent case of *School District No. 45* v. *School District No. 8*, 119 Ark. 149, a somewhat similar objection was made against the granting of the prayer of a petition for the change of the boundary line between two adjoining school districts transferring three sections of land from one district and attaching it to another. The decision of the case turned upon the construction of section 7544 of Kirby's Digest, which reads as follows:

"The county court shall have the right to form new school districts or change the boundaries thereof upon a petition of a majority of all the electors residing upon the territory of the districts to be divided."

It was there held that the electors of the district to be divided only were to be taken into account; that the electors of the district to which the territory was to be attached might have their hearing before the county court, where a discretion abided to grant, or to refuse, the petition even though it conformed to the statute.

(3.) It is urged that the opinion of this court in the case of *Cox* v. *Road Improvement Dist. No. 8*, 118 Ark. 119, 176 S. W. 676, is authority for the position that the petition was void because of its failure to designate the desired distribution of the territory of the dissolved district. But we do not concur in this view. We were discussing there the jurisdictional requirements of the petition for the establishment of a road improvement district, and in that connection we said that there must be no uncertainty about the road or street to be improved; and there is no analogy between that case and this. The petition here specifies the district to be dissolved, and, as we have seen, the statute does not require the petition to state the disposition to be made of the territory of the dissolved district.

We think the court below erred in quashing the order of the county court dissolving the district, and its judgment will be reversed and the cause remanded with directions to set aside that order.

Justice KIRBY dissents.