CURTIS v. HAYNES SPECIAL SCHOOL DISTRICT H.

Opinion delivered March 19, 1917.

1.  SCHOOL DISTRICTS—DISSOLUTION.—Under Act 66, p. 82, Acts of 1895, county courts have jurisdiction to dissolve special school districts as well as common school districts (*Hughes* v. *Robuck*, 119 Ark. 592).

The power of the Legislature is plenary, subject only to the limitation that it shall not impair the contracts or obligations of the districts.

2.   SCHOOL DISTRICTS—DISSOLUTION—PAYMENT OF OUTSTANDING DEBTS.— When a school district is dissolved, its outstanding bonds become due, and there is no obligation upon the district to pay more than the face of such bonds, with the interest that has accrued at the date of the order dissolving the district.

3.   SCHOOL DISTRICTS—DISSOLUTION—APPORTIONMENT OF INDEBTEDNESS.—An order dissolving a school district and apportioning its assets and obligations between two districts adjoining it, *held* valid.

4.   SCHOOL DISTRICTS—ANNEXATION OF TERRITORY.—Where all of the territory of a school district is taken and annexed to another district, the former goes out of existence, and is no longer a school district.

5.   SCHOOL DISTRICTS—DISSOLUTION—DISPOSITION OF TERRITORY.—School District H was formed by the taking of all of the territory of School District No. 39 and some territory from District No. 1. District No. 39 thereupon went out of existence. Thereafter the county court undertook to dissolve School District H, and apportion its territory between district No. 39 and No. 1. *Held*, the order was invalid, since district No. 39 had ceased to exist, it could not be re-established by an order of court without compliance with the terms of the statute for the creation of school districts.

Appeal from Lee Circuit Court; *J. M. Jackson*, Judge; reversed.

*D. S. Plummer, Smith & McCulloch* and *Daggett & Daggett*, for appellants.

1.   The judgment of the county court was without authority and therefore voidable; it was, at least, an abuse of discretion, and should have been corrected on appeal. Kirby's Digest, § § 7548, 7544; Act April 8, 1887. The trial in the circuit court was *de novo*. It was incumbent on petitioners to show a majority of the electors signed the petition and that every step in the statutory procedure was complied with. 104 Ark. 145; 50 Ark. Law Rep. 472; 119 Ark. 592.

2.   The petitions are not sufficient to warrant the dissolution order. 104 Ark. 145. There is absolutely nothing to show how many of the qualified electors resided in the territory in June, 1914. The evidence of W. S. and Ross Hughes and J. W. Grant was not admissible, as there was a permanent record. Kirby's Digest, §

2767; Acts 1895, 682; Acts 1909, 942. A majority was necessary. 104 Ark. 145.

3. The court erred in striking the intervention of the board of directors and in refusing to allow the directors to show that a valid contract was existing for a sale of the bonds at the date of the dissolution of the order. 104 Ark. 145; 111 *Id.* 379; 164 S. W. 1130. The action of the county court was arbitrary. The order is vague and indefinite, and no provision is made for liabilities. It creates a new district without petition therefor, without directors and absolutely useless to the community. It should be set aside.

*James B. McDonough,* for H. C. Speer.

1. The district was legally organized. Acts 1909, as amended by Acts 1911, page 141.

2. It had the power to borrow money. Acts 1909, § 3, Acts 1911, § 8, p. 144; Kirby's Digest, § § 7696-7-8; Acts 1905, 652; 105 Ark. 77. The contract is protected by art. 1, § 10, Const. U. S.; Harris on Mun. Bonds, 188 to 194; 167 U. S. 646; Abbott on Publ. Sec., § § 23, 23a; Haines on Pub. Sec., § 32, and cases cited. Speer had a right to appear and be heard. The district can not be legally dissolved, except by positive act of the Legislature, and then due provision must be made for its contracts, obligations and liabilities. The county court has no such power— the Legislature has not given it. Mansf. Dig., § 7548; Acts 1909, 947; Acts 1911, 141; 102 Ark. 401; 102 *Id.* 411; 106 *Id.* 306; 112 *Id.* 439; 107 *Id.* 411; 177 S. W. 900; *Ib.* 937.

3. There is no law for the dissolution of a special school district as was done in this case. 119 Ark. 592, does not settle this case. But if so, it should be overruled.

Where a district is dissolved its property and its obligations go to its successor. Its obligations can not be impaired. 167 U. S. 646.

4. The money collected was for a building fund. 102 Ark. 264. Taxes collected in a special school district can not be turned over to a common school district. The

dissolution of the district violates sec. 10, art. 1, Const. U. S., and sec. 1 of the Fourteenth Amendment. Cases, *supra.*

This appeal is from a judgment of the circuit court dissolving the Haynes Special School District No. H. A petition was filed in the county court by citizens and electors residing within the special school district of Haynes asking the county court to dissolve the district and that the indebtedness due by it and the funds on hand to its credit be proportioned according to law. The county court entered a judgment dissolving the district, and reciting, among other things, "that the portion of the territory comprising Special School District No. H taken from School District No. 1 (describing it) be restored to and become a part of School District No. 1 and the remaining territory embraced in said School District No. H be transferred to School District No. 1 and School District No. 39 in proportion to the said territory allotted to each of said school districts."

This judgment was quashed on a writ of certiorari issuing out of the circuit court, and on appeal from the judgment of the circuit court to this court the sole question presented was whether or not the county court had jurisdiction to dissolve the special district, and we held that the county court had such jurisdiction. *Hughes* v. *Robuck,* 119 Ark. 592. After that decision the case which was then on appeal to the circuit court from the judgment of the county court dissolving the district was heard in the circuit court, and the circuit court rendered the following judgment: "It is further ordered and adjudged that that portion of the territory composing said special district "H" taken from School District No. 1, towit, the strip of territory in sections 3, 10, 15, 22, 27 and 34, in township 3 north, range 3 east, be restored to and become a part of School District No. 1, and the remaining territory embraced in said school district "H" be transferred to School District No. 39."

Special School District No. H, of Haynes, was made up of certain territory taken from part of Common School District No. 1 and also embraced the whole of the territory constituting Common School District No. 39. While the cause was pending in the circuit court on appeal, H. C. Speer filed what is designated as an "intervention" in which he set up that he was a bond buyer, having an office in Fort Smith and Little Rock, Ark., and engaged in the business of buying and selling bonds; that Special School District No. H of Haynes (which we will hereafter designate as District H), borrowed the sum of $8,500, receiving the money and issuing its separate bonds in the sum of $500 each, dated June 5, 1914, and bearing interest at the rate of 6 per cent. per annum, payable semi-annually, amounting in the aggregate to $8,500. The first of the bonds was due the first of August, 1917, and the last on the first of August, 1933. He alleged that the bonds were outstanding and owned by himself and others; that he received and paid for the bonds on the 8th of April, 1915, but had previously entered into a valid and binding contract to purchase the bonds on June 5, 1915; that the payment was made on April 8, 1915, and he authorized the bonds to be sold upon a guaranty of legality, and that he was liable to the purchasers if the bonds were finally held to be void; that such bonds as were not sold were deposited with Speer & Sons Co. for sale, but that such bonds as were not sold were owned by H. C. Speer, and he was not able to state how many of the bonds had been sold; that the order of the county court dissolving the district was void because it was made without the notice required by law and because it made no disposition of the debts and liabilities of District H and no provision for the payment of the bonds or interest thereon. That the bonds were contracts which District H had obligated itself to pay, and that the dissolution of the district would impair the obligation of those contracts and deprive the intervener and the other bond holders of their property without due process of law; that the proceeding was void

because it was an attempt to create new districts without preserving and taking care of the obligations and liabilities of District H.

The petition signed by citizens and electors within the territory of District H was introduced in evidence, and the petitioners prayed that District H be dissolved and that the indebtedness due by it and the funds on hand to its credit be proportioned according to law.

The interveners and remonstrants offered testimony to prove the allegations of the intervention in regard to the borrowing of the money and the issuance of the bonds. And the interveners also offered evidence to prove the identity of the contract entered into by the directors of District No. H and Speer & Dow for the sale of the bonds, which the court refused to permit, to which ruling exceptions were duly saved.

WOOD, J., (after stating the facts). This proceeding was begun in the county court under the authority of the act of April 1, 1895, Act 66, page 82, which provides: "Section 1. The county courts of this State shall have power to dissolve any school district now established, or which may hereafter be established in its county, and attach the territory thereof in whole or in part to an adjoining district or districts, whenever a majority of the electors residing in such district shall petition the court so to do." Section 2 provides for notice to be given. Section 3 provides: "Whenever, under this act, any district shall be abolished, any indebtedness due by it or funds on hand to its credit shall be proportioned by the court among the districts to which its territory has been attached, according to the value of the territory each received, of which action of dissolution and distribution of indebtedness or funds, as the case may be, the clerk of the court shall give due notice to directors of each district affected, showing the territory attached to their district, and amount of indebtedness adjudged against it, or funds credited to it, as the case may be."

(1) As already set forth in the statement, in the recent case of *Hughes* v. *Robuck,* 119 Ark. 592, we held that under this statute county courts had jurisdiction to dissolve special school districts, as well as common school districts.

It appears from the recitals in the judgment that the intervention was presented on the day and at the time when the court took up the matter for final hearing. The recitals also show that at the same time there was a motion to strike and a demurrer filed to the intervention, which the court sustained. The judgment further recites that "all indebtedness due by Special School District H and all funds on hand held by it be proportioned between said District No. 1 and said District No. 39 in proportion to the value of the territory received by said common school districts," and the clerk of the county court was directed to give due notice to the directors of each of the districts affected by the judgment of the territory attached to their respective districts.

Appellant Speer contends that the allegations set forth in his intervention, which the court disposed of on demurrer and motion to strike, were sufficient to show that he was the owner of valid and subsisting obligations of the district amounting in principal and interest to the full time of maturity, in excess of $14,000, and that these allegations were conceded by the demurrer and motion, and that therefore the court, on these facts, had no power to dissolve the district. The ground of his protest goes to the power and jurisdiction of the county court to render a judgment dissolving the district rather than to any error in the judgment of the court as to the apportionment of the indebtedness of the district. He argues that the Legislature did not intend to confer upon county courts the jurisdiction to dissolve special school districts because a dissolution of such districts would have the effect to impair the obligations of its valid subsisting contracts, and that the act, when thus construed, is unconsti-

tutional and void. This court held otherwise in *Hughes* v. *Robuck, supra,* and it adheres to that decision.

In the above case we recognized the doctrine that special school districts could not be dissolved if such dissolution had the effect to impair the obligations of their contracts. We there say that "the legislative control over the creation and boundaries of school districts is plenary, subject only, however, to the limitation that such action shall not impair the contracts or obligations of such districts."

But in the judgment dissolving the district the court adjudged that all indebtedness due by the special school district and all funds on hand by it be proportioned between District No. 1 and District No. 39 in proportion to the value of the territory received by each of said common school districts. Moreover, in *Special School Dist. No. 2 v. Special School Dist. of Texarkana,* 111 Ark. 379, we held that, "the Legislature has unrestricted power over the formation of school districts, and the making of boundaries thereof; and legislation on the subject is not affected by a failure to adjust the equities between the old and new districts."

Now learned counsel for appellant Speer concedes in his brief that the amount received from the bonds, towit, the sum of $8,500, "is now in the hands of the district and under the control and management of the board of directors." While Speer alleged that some of the interest on the bonds was then past due and unpaid, he does not anywhere specifically allege what the amount of that interest is, and in response to the motion to make his complaint more definite and certain, he alleges that he did not know the names of the owners, or the amounts and numbers of the bonds that were held by other owners, nor could he state how many of the bonds were sold and how many unsold. In the prayer of his complaint he does not ask for judgment for the $8,500 with accrued interest thereon up to the date of the judgment dissolving the district, but he only prays that the petition for dissolving

the district be dismissed and that the district be not dissolved.

(2)   If upon the order of the county court dissolving the district, the $8,500 that had been furnished the district had been returned to the owners, with interest that had accrued thereon, this would be all that the district was obligated to pay.   Speer and the bondholders contracted with the district with reference to the laws of the State, and they must be held to have known, if we are correct in our construction of the act of April 1, 1895, that such districts could be dissolved by the county court, and that such dissolution would necessarily have the effect to destroy any executory contracts of the district.   When the district was dissolved, *ipso facto* its outstanding bonds became due, and there was no obligation upon the district to pay more than the face of such bonds with the interest that had accrued at the date of the order dissolving the district.   There are no allegations in Speer's intervention asking that this be done or alleging facts showing that such relief would have been impracticable.

(3)   Moreover, as we have already seen, the court adjudged that all indebtedness due by the Special School District H and all funds on hand by it be proportioned between District No. 1 and District No. 39.   If these districts, Nos. 1 and 39, were adjoining districts to District H, which was dissolved, then the judgment of the court not only did not impair the obligations of the contracts of District H, but, on the contrary, expressly recognized these obligations and provided for their payment by Districts Nos. 1 and 39 in proportion to the value of the territory received by each of said common school districts.

It was not an abuse of discretion or an error for which a judgment of the court dissolving the district should be reversed because it did not undertake to ascertain and fix the amount of the obligations then outstanding against Special District H and adjudge the proportional sums of the indebtedness that the adjoining common school districts should pay.   That is a matter that

could be ascertained and worked out in the future.    The only limitation upon the power of the court to dissolve the district 'is that it ''shall not impair the contracts or obligations of such district.''

The county court was correct in treating the intervention of Speer as a protest against the jurisdiction of the court to dissolve District H, and did not err, from this viewpoint, in holding that Speer was not a proper party and in sustaining the demurrer to his intervention.

While the intervention alleges that the order of the county court is illegal and void because the same is not in compliance with the statutes of the State of Arkansas, and is illegal and void because no notice of the petition to dissolve was given as required by law, this allegation is not argued in the brief, and therefore is treated as abandoned.

II.    The other appellants who joined in the intervention and remonstrance with Speer against the dissolution of the district contend that the county court abused its discretion and erred in apportioning the territory that was embraced in the district before it was dissolved.    District No. H was formed by taking all the territory of Common District No. 39 and a part of the territory embraced within Common District No. 1, and in the order dissolving the district the county court restored to Common District No. 1 that part of the territory taken from it and the remainder of the territory it transferred to Common District No. 39, and also Common District No. 1.

This court held, in *Hughes* v. *Robuck, supra,* that the statute does not require that the petition for dissolution shall state the disposition to be made of the territory of the dissolved district, in order to give the county court jurisdiction of the subject matter.    But we did not hold that the court could exercise its jurisdiction to dissolve in any other manner than that required by the statute.

(4)    Appellants further contend that the court, after having acquired jurisdiction of the subject matter, must proceed in the exercise of that jurisdiction according to

the requirements of the statute, and that its failure to do so is error for which the judgment must be reversed. Now when all of the territory of Common School District No. 39 was taken in the creation of District H, Common School District No. 39 went out of existence and was no longer a common school district.

The statute authorizing the county court to dissolve any school district requires that the territory that constituted such special school district be attached "in whole or in part to an adjoining district or districts."

(5) In the opinion of a majority of the court, when the county court, and the circuit court on appeal, entered an order dissolving District H, it could not attach in whole or in part the territory of District H to Common District No. 39, for at the time of the order of dissolution there was no Common District No. 39. Having passed out of existence in the creation of Special District H, it could not be re-established in proceedings for the dissolution of District H. Having once been absorbed in the special district, and therefore abolished as a common district, in order for the same territory to be re-established into a common district numbered 39, it will be necessary for a majority of the electors residing upon the territory constituting the district to be formed, to petition for such district. Act of April 8, 1887, Kirby's Digest, § 7544.

Common School District No. 39, having been abolished in the order creating District H, a new common school district composed of the same territory could not be re-established under the statute without such petition. A petition of a majority of the electors residing in District H for the dissolution of that district might not constitute a majority of the electors residing in the territory that formerly constituted Common School District No. 39. The petition for the dissolution of a district is entirely different from one to create a district. The power to dissolve a special district and to attach the territory thereof, in whole or in part, to adjoining districts did not include also authority to establish new common school districts

without any petition therefor signed by a majority of the electors residing upon the territory to be included in such new district.

Now the effect of the order of dissolution was to re-establish a new Common School District No. 39, composed of all the territory embraced in the old District No. 39 and to add to the new District No. 39 other territory, without any petition asking that same be done, and the effect of the order, as shown by the boundaries of the new District No. 39 as created without a petition shows that it is composed of noncontiguous territory. In other words, a narrow strip of the territory of District No. 1 lies between and separates District No. 39 into two parts.

Five of the six directors of Special District H filed what is designated their intervention or remonstrance, setting up that "the order and proceedings are void for the reason that there is no authority conferred on the county court, under the petitions filed therein, to create a new school district, and that the order of the court is therefore void and without legal effect."

It is also urged that there was no competent evidence to show that the petition for dissolution contained the requisite majority of electors. Inasmuch as the cause must be reversed and remanded for the error indicated, we deem it unnecessary to dispose of this issue, for if the proof was not made by competent evidence it is a matter that can be easily corrected by a production of the record showing the number of electors residing on the territory of the special school district on a new trial.

The court erred in dissolving the District H without attaching the territory thereof to adjoining districts, and since there was no common school district No. 39 it necessarily follows that the court also erred in not apportioning the indebtedness of District H as required by the statute, and for these errors the judgment is reversed and the cause remanded for a new trial.

SMITH, J., concurs in the judgment.

McCULLOCH, C. J., dissenting.  The record does not show that the interveners, Speer and others, were creditors of the special school district sought to be dissolved. They had, it appears, a contract with the district to sell bonds, but until the money was borrowed and the bonds issued and delivered there were no enforceable obligations to be protected from impairment. *Hopson* v. *Hellums,* 111 Ark. 421.  For that reason, as well as for the very excellent ones stated in the opinion of the majority, I think that the interveners have shown no authority for obstructing the dissolution of the district.  Now as to the ground on which the majority decided to reverse the judgment of the circuit court, I think that was concluded by the decision in this case on the former appeal.  We had before us then the same record as now, so far as relates to the disposition of the territory of the dissolved district, and it was contended then, as now, that the judgment of the county court was void because the statute conferred no authority to dissolve a district, except by attaching the territory to adjoining districts.  That contention was answered by this court by saying:

"The statute does not require the petition for the dissolution of a district to designate the districts to which the petitioners desire the territory attached.  This act of 1895 does not require the county court to dissolve the district upon the filing of a proper petition therefor.  It merely confers upon the county court the authority to do so.  A discretion abides with the court in passing upon the petition; but the court has no authority to dissolve any particular district except upon the filing of a petition conforming to the requirements of the act above quoted. The assignment of the territory of the dissolved district is one of the things to be taken into account by the county court in determining how this discretion shall be exercised, and if the prayer of the petition is granted, the discretion of the court in the assignment of this territory is limited only by the duty of adjudging against the terri-

tory so distributed its *pro rata* part of the indebtedness of the district of which it was originally a part.''

The court also cited, as analogous, the decision in *School District No. 45* v. *School District No. 8*, 119 Ark. 149, holding that only a petition of the electors *in the divided district* was required.

If the judgment of the county court was valid on its face, as we held in the former decision, it is difficult for me to perceive how the same judgment rendered by the circuit court can be erroneous. If the disposition of the territory is, as we held on the former appeal, a matter of judicial discretion, there is nothing whatever in the present record to show an abuse of discretion. In fact, nobody contended in the trial below that the territory should be attached to existing districts rather than to attach a part of it to a new district re-established by the same judgment. The disposition of the territory follows under the statute as an incident to the dissolution of a district and the statutory authority is, I think, broad enough to empower the court to attach the territory to adjoining districts or to create a new district for that purpose when found desirable. At least, such was the effect of our former decision which became ''the law of the case,'' and we should not depart from it on a second appeal.

If, as stated in the opinion of the majority, ''the power to dissolve a special district and to attach the territory thereof, in whole or in part, to adjoining districts did not include also authority to establish new common school districts without any petition therefor signed by a majority of the electors residing upon the territory to be included in such new district,'' then the former decision of this court was erroneous, for we upheld the judgment which showed on its face that the court had attempted to exercise the very power which the majority now say can not be exercised. I think we ought to feel bound by the former decision, whether we think it was correct or not.