SCHOOL DISTRICTS NOS. 14 AND 58 *v.* HENDERSON.

Opinion delivered December 6, 1920.

1. SCHOOLS AND SCHOOL DISTRICTS—TRANSFER OF TERRITORY.—Territory may be annexed by the county court to a single school district from a common school district, under Kirby's Digest, § 7695, "when a majority of the legal voters of said territory and the board of directors of said single district shall ask, by petition, that the same shall be done," without giving the notice required by § 7540.

2. SCHOOLS AND SCHOOL DISTRICTS—REMEDY OF DISTRICT FROM WHICH TERRITORY IS TAKEN.—A common school district from which territory is taken for annexation to a single school district, under Kirby's Dig., § 7695, is by the statute made a party to the record, and may contest the proceedings in the county court or appeal from the order of that court, and is not entitled to relief in equity.

3. SCHOOLS AND SCHOOL DISTRICTS—CHANGE OF BOUNDARIES.—In the absence of constitutional provisions to the contrary, the Legislature may enlarge or diminish the powers of school districts, divide their territory into two or more districts or consolidate two or more districts into one, or authorize such consolidation or separation at will, and may accomplish this purpose through subordinate agencies.

4. SCHOOLS AND SCHOOL DISTRICTS—COLLATERAL ATTACK ON COUNTY COURT'S JUDGMENT.—Where, on a petition under Kirby's Digest, § 7695, to transfer territory of a common school district to a single school district, the county court finds that a majority of the

legal voters of the territory petitioned therefor, such finding, however erroneous, can not be collaterally attacked.

5.  SCHOOLS AND SCHOOL DISTRICTS—TRANSFER OF TERRITORY—VALIDITY.—The fact that the taking of territory from a common school district and giving it to a single school district will leave the former district without sufficient territory, revenue or children to sustain a sufficient school will not entitle the former district to relief in equity against the order of annexation where the district had the right to appear before the county court and appeal from its order.

Appeal from Arkansas Chancery Court, Southern District; *John M. Elliott,* Chancellor; affirmed.

### STATEMENT OF FACTS.

The directors of Common School District No. 14 of Arkansas County, and certain tax payers residing in the common school district, brought this suit in equity against the county superintendent, the county clerk, the county treasurer and Gillett Special School District No. 66 of Arkansas County, to enjoin them from paying any warrants or asserting any right to the funds belonging to Common School District No. 14, and from taking control of any lands or school property within said district for school purposes. They allege that the directors of Gillett Special School District No. 66, without any notice, filed a petition in the county court to transfer a greater part of the land in Common School District No. 14 to said special school district; that the county court made the order prayed for in their petition without notice to the plaintiffs or any one interested in Common School District No. 14.

The complaint further alleges that the order, if enforced, would deprive said common school district of sufficient funds to have a school and would leave said district without any school house or other property and less than thirty-five persons of scholastic age within the district.

The chancery court sustained a demurrer to the complaint on the ground that it was without jurisdiction, and, the plaintiffs having declined to plead further, their

complaint was dismissed. To reverse that decree the plaintiffs have prosecuted this appeal.

The directors and certain tax payers of Common School District No. 58 brought a similar suit against the county clerk, county treasurer, and Gillett Special School District No. 66 of Arkansas County, and its board of directors. Their complaint contains substantially the same allegations as in the complaint of Common School District No. 14 of Arkansas County.

The chancery court sustained a demurrer to the complaint on the ground that it was without jurisdiction, and to reverse the decree entered of record the plaintiffs have prosecuted this appeal.

*John W. Moncrief,* for appellants.

1. No notice was given or posted, given or published in any manner, and appellant's school districts board and patrons had no information of the orders until after both of them had been made. The orders were void for want of notice and left the districts without sufficient funds to pay its teachers as per contracts, and with less than thirty-five persons of scholastic age as pupils. The county court was without jurisdiction to make the order of annexation. The lower court could not decide that appellee was a school district without any evidence whatever. If the court had jurisdiction, it was its duty to hear evidence as to the questions whether appellee was a single school district and whether the territory described in the complaint is contiguous to appellant school district. The orders in effect amounted to a dissolution of appellant district; the course pursued by appellees was merely on a direct method of destroying and dissolving a common school district without giving the notice and following the procedure required by statute. This is true for the reason that the orders left less than thirty-five pupils in the district; left the district without sufficient funds to maintain a school, employ teachers or acquire school property. This court erred in its decision in 105 Ark. 47-50, and appellees were

attempting to take advantage of the opinion in that case. The court erred in that case, and it should be reconsidered. 123 Ark. 570. The people in the territory sought to be annexed should have had notice of the proposed change. The court had no jurisdiction, and the orders were void, as all judgments are where no notice is given. 116 Ark. 291-4. Notice is required by statute. Kirby's Digest, §§ 7540-5; 123 Ark. 570-4. The orders were void because no notice was given. 119 Ark. 117-20; *Ib.* 149-152; 123 *Id.* 570; 119 *Id.* 592.

2. The Legislature did not mean that a single school district could take the school site and house and territory of a common school district by the use of the words *contiguous territory.* A school district without thirty-five pupils is not contiguous territory within the meaning of the statute. It is not possible that the Legislature meant to allow a single district without noice to take practically all the territory of another district and leave it with less than thirty-five persons of scholastic age by the use of the words "contiguous territory." 25 Am. Rep. 168; 27 Am. St. Rep. 309. See also Black's Law Dict., *verbo, contiguous.* If the facts alleged by appellants be true, there was in effect a dissolution of district 14, and the severance would not leave sufficient property to support a school and left it without funds or income or property. The statute requires notice and the orders were void. 32 Ark. 13-9; 29 *Id.* 340; 32 *Id.* 496; 33 *Id.* 716; 38 *Id.* 271. Such acts constitute a misappropriation of funds, and injunction was the proper remedy. 33 Ark. 704; 53 *Id.* 205; 52 Ark. 541; 35 Cyc. 1049; 93 Ark. 109. The latter case is conclusive as to jurisdiction. 103 Ark. 529-538. The order of January 5, 1920, is void for want of notice and jurisdiction, and injunction was the proper remedy. Act 661, Acts 1919, pp. 457-8, shows the unquestionable intention of the law to require notice to be given of all changes in the boundaries of *school districts,* and *Lewis* v. *Young* and *Rural Dist.* 17 v. *District* 56 overrule the McCray-Cox case. A court of equity having jurisdiction for one purpose, should *grant* full relief and has jurisdic-

tion therefor. *Supra.* 105 Ark. 47 is overruled by 123 Ark. 570. The territory is not contiguous. 16 Atl. 97. The demurrer admits that the territory is not contiguous, and the county court had no jurisdiction and the order was void. 16 Atl. 97.

The school funds involved were transferred without notice, and they belonged to District 58. 63 Ark. 433; 33 *Id.* 716; 38 *Id.* 271; 32 *Id.* 131-9; 29 *Id.* 340; 32 *Id.* 496. The chancery court had jurisdiction to restrain the diversion of these school funds. 93 Ark. 101; 23 Cyc. 993-5.

*Botts & O'Daniel,* for appellees.

1. The attack upon the orders is a collateral attack upon the judgments of a superior court of record. 136 Ark. 457-9. Such attacks can not be sustained. The court is one of general jurisdiction and its orders can not be collaterally attacked. 94 Ark. 523; 92 *Id.* 616; 74 *Id.* 81. In the case of districts 4 and 84 the order enjoined showed on its face that it was absolutely void. 101 Ark. 391, and this is a collateral attack. *Ib.* 395; 70 Ark. 88; 105 *Id.* 5.

2. No fraud was practiced on the county court in procuring the orders and fraud must be alleged and proved. 140 Ark. 199-202. The burden is on the party alleging fraud to prove it. *Ib.* 469.

3. The law presumes that appellants had notice of the proceedings in the county court. 80 Ark. 304, 308.

The act does not require notice. 114 Ark. 555; 101 *Id.* 395; 61 *Id.* 474; 72 *Id.* 101-107.

4. Appellants had an adequate remedy at law; they should have appealed. Kirby's Digest, §§ 1487, 7614, 7626; 128 Ark. 384.

5. Injunction should not have been granted because no notice was given to appellees. The injunction should not have been granted as there was an adequate remedy at law by appeal.

Hart, J. (after stating the facts). Because the same issues are involved in each appeal, the cases were con-

solidated for the purpose of trial in this court, and one opinion will suffice for both cases.

The decision of the chancery court was correct. According to the allegations of the complaint in each case, an election was held for the purpose of annexing the territory in each of the common school districts to Gillett Special School District No. 66, and a majority of the legal voters within the territory voted for the annexation. The election was held, and the order of annexation was made by the county court pursuant to the provisions of section 7695 of Kirby's Digest.

In the case of *McCray* v. *Cox,* 105 Ark. 47, the court in construing this statute held that the county court is authorized to annex contiguous territory to a single school district when a majority of the legal voters of said territory and the board of directors of said single school district ask it by petition.

According to the allegations of the complaint, this section of the statute was complied with in the annexation proceedings. It is insisted, however, that the order of the county court is void because no notice of the annexation was given as required by section 7540 of Kirby's Digest. In the case last cited the court held that where the annexation proceedings were had under section 7695 of Kirby's Digest the notice required by section 7540 of Kirby's Digest was not necessary. The court said that the annexation of the contiguous territory was to be made under the statute when a majority of the legal voters of said territory and the board of directors of the single school district should ask it, and that section 7540 with regard to giving notice did not apply.

In the subsequent case of *School District No. 44* v. *Rural Special School District No. 10,* 128 Ark. 383, this court held that under section 7695 of Kirby's Digest authorizing the annexation of contiguous property to a special district, the common school district, which includes the territory to be annexed, is by the statute made a party to the record and that the directors of the common school district may resist proceedings to annex a portion

of their property to the special school district. Therefore, it will be seen that the directors of the common school district might have made themselves parties to the annexation proceedings in the county court; or they might have, at any time within six months after the order of annexation was made by the county court, have appealed to the circuit court. Thus it will be seen that the plaintiffs herein had a complete and adequate remedy at law, and there was no necessity for resorting to a court of equity to establish their rights, if any.

Again, it is insisted that the case of *McCrary* v. *Cox, supra,* should be overruled because the county court is vested with a discretion in making the order of annexation, and that for that reason notice to the people living in the territory sought to be annexed should be given as a prerequisite to the right of annexation. The argument that the common school district can not be changed in its boundaries, or a part of its territory added to a single school district except upon notice to the inhabitants of a common school district, is not tenable. The school district is a subordinate public agency doing the work of the State. In the absence of any constitutional provisions to the contrary, the Legislature may enlarge or diminish the powers of school districts, divide their territory into two or more districts, or consolidate two or more districts into one, or authorize such consolidation or separation at will. If the Legislature can change boundaries of a school district for any reason satisfactory to it, it can accomplish this purpose through subordinate agencies. *Norton* v. *Lakeside Special School District,* 97 Ark. 71, and *Krause* v. *Thompson,* 138 Ark. 571, and cases cited. The county court is a court of superior jurisdiction, and it will be presumed that its action in changing the boundaries of school districts was based on a proper reasoning. If not, it was the duty of the directors of the common school district to have taken an appeal to the circuit court from its order annexing a

part of the territory of the common school district to the special district.

It is true that, according to the allegations contained in the amended complaint, a majority of the legal voters of the territory sought to be annexed did not petition the county court for annexation.

Section 7695 of Kirby's Digest provides that the county court shall annex contiguous territory to single school districts when the majority of legal voters of said territory and the board of directors of said single district shall ask by petition that the same shall be done. This section makes the filing of the petition a prerequisite to the exercise of jurisdiction by the county court.

As stated above, however, the county court is a court of superior jurisdiction and it had the right to determine for itself whether or not the jurisdictional facts existed. In other words, the county court had the right to determine whether or not the petition required by the statute had been filed and signed by the requisite number of legal voters, and its determination of this fact is conclusive on collateral attack. If its finding in this respect had been deemed erroneous, an appeal to the circuit court should have been taken to correct it. We must presume that the county court did make inquiry as to its jurisdiction in the premises and found that it had jurisdiction. It was a question of fact whether or not the petition filed in the county court contained the requisite number of legal voters, and the county court had the power to determine that fact. Its decision, however erroneous, would be conclusive except upon direct attack.

Again, it is insisted that to uphold the special school district in this case leaves the common school district without sufficient territory, revenue, or children to maintain a sufficient school.

In *School District No. 25* v. *Parker*, 123 Ark. 317, the court, in discussing this precise question, said that a hardship worked upon a common school district by the taking of a portion of its property in the formation of

a special school district could not be relieved by the courts, but could only be reached by appropriate action on the part of the Legislature.

In *Curtis* v. *Haynes Special School District H,* 128 Ark. 129, the court held that an order dissolving a school district and apportioning its assets between two districts adjoining it was valid. The reason is that, the legislative power over the formation, separation and division of school districts being full and complete, as a part of that power, it may make provisions for the division of the property and the apportionment of the debts of the districts. *Pass School Dist. of Los Angeles County* v. *Hollywood City School Dist. of Los Angeles County* (Cal.). 26 L. R. A. (N. S.) 485 and case note.

Accepting the allegations of the complaint as true, the common school districts have been injuriously affected by the order of annexation in the respects just named, but we can not assume that an application to the county court for proper school facilities for the inhabitants of the severed territory will not meet with proper and reasonable action on the part of the court. If the common school districts thought the action of the county court was wrong in the first instance, the remedy for the wrong was by appeal to the circuit court.

In *Rural Special School District No.* 17 v. *Special School District No.* 56, 123 Ark. 570, this court held that the county court under section 7695 of Kirby's Digest is given a judicial discretion to determine whether adjoining property should be annexed to a single school district. If the county court abused its discretion in the premises under the authorities above stated and referred to, the common school districts could have obtained relief by appeal to the circuit court. Their remedy at law being adequate and complete, no remedy can be had in chancery. Therefore, the chancery court properly dismissed the complaint in each case, and the decree in each case will be affirmed.