PARKER *v.* FIELDING.

Opinion delivered October 3, 1927.

SCHOOLS AND SCHOOL DISTRICTS—AUTHORITY TO DISSOLVE COMMON SCHOOL DISTRICT.—Under Crawford & Moses' Dig., §§ 8869, 8949, relating to dissolution of school districts and annexing contiguous territory to single school districts, the common school district can be dissolved and its territory annexed to a special school district only when both the majority of the electors residing within the common school district and of the board of directors of the special school district jointly petition the county board therefor.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Rice & Rice,* for appellant.

*Blansett & Combs,* for appellee.

McHANEY, J. Appellants are residents and electors of Common School District No. 40, of Benton County, Arkansas, and constitute a majority of the electors residing in said district. They filed a petition with the county board of education of Benton County, praying that said district be dissolved, and that all of the territory in said district be annexed to the Rogers Special School District, which adjoins District No. 40. A remonstrance was filed with the county board of education, objecting to its jurisdiction, on certain grounds, but same was overruled and an order made and entered dissolving District No. 40, effective April 24, 1926, and attaching all of the territory therein to Rogers Special

School District. An appeal was taken to the circuit court, where, on a trial before the court, the petition to dissolve and annex was denied, which amounted to a quashing, or a reversal, of the order of the county board of education, on the ground that the board of directors of Rogers Special School District had not joined in the petition to dissolve and annex, as provided by law. From this judgment petitioners have appealed to this court.

Appellants rely for a reversal of this case on § 8869, C. & M. Digest, which is as follows:

"The county boards of education shall have power to dissolve any school district now established or which may hereafter be established in its county, and attach the territory thereof, in whole or in part, to an adjoining district or districts, whenever a majority of the electors residing in such district shall petition the court so to do."

This is § 1 of the act of April 1, 1895. Construing this section in the case of *Hughes* v. *Robuck,* 119 Ark. 592, 179 S. W. 163, this court held that county boards of education have the authority to dissolve special as well as common school districts, with the limitation that such action shall not impair the obligation of contracts. And it was further held in that case that it was not necessary for the petitioners to designate the district to which the dissolved territory should be attached.

But there is another section, § 8949, of the Digest relating to this subject, the last sentence of which reads as follows: "The county board shall annex contiguous territory to single school districts, under the provisions of this act, when a majority of the legal voters of said territory and the board of directors of said single district shall ask, by petition, that the same shall be done."

These two sections are not in conflict. The first confers the authority upon the county board, and the next provides the procedure by which the authority conferred upon the county board may be exercised when territory of a common school district is proposed to be annexed to a single or special school district. In *McCray* v. *Cox,* 105 Ark. 47, 150 S. W. 152, this court held that the county court is authorized to annex contiguous territory

to a single school district when a majority of the legal voters of said territory and the board of directors of a single school district request it so to do.    *School Districts 14 and 58* v. *Henderson*, 146 Ark. 338, 226 S. W. 517.

This court has never held that territory of common school districts may be annexed to a single or special school district without the consent of the board of directors of the special school district.

It is therefore the opinion of this court that a common school district can only be dissolved and its territory annexed to a special school district when both a majority of the electors residing in the common school district and the board of directors of the special school district shall jointly petition the county board so to do.    The judgment of the circuit court is therefore correct, and it is accordingly affirmed.