The Honorable Pat Flanagin State Representative P.O. Box 867 Forrest City, AR 72335
Dear Representative Flanagin:
This is in response to your request for an opinion on the following questions:
 1. Once consolidated, can a school district legally `de-consolidate' and return to the former school district boundaries?
 2. If a school district can legally `de-consolidate,' would any consolidation incentive funding received during the consolidation period have to be refunded to the State?
In response to your first question, there appears to be no statutory procedure for a district to "de-consolidate", once consolidated; or, in other words, "un-do" the consolidation and automatically return to the former boundaries. See, e.g., Curtis v. Haynes Special School Dist. H., 128 Ark. 129 139, 193 S.W. 523
(1917) (having passed out of existence when its territory was taken in the creation of a new district, the former district could not be re-established in proceedings for the dissolution of the new district; rather, the statutory procedure for creating districts must be complied with, that is, a majority of the electors residing in the territory constituting the district to be formed must petition for such district.)
With regard to your second question, if the consolidated district is dissolved and the procedures followed for the creation of new districts from that territory, it must be recognized that the new districts will succeed to the property of the dissolved district, and will be liable for all of its contracts and debts. See A.C.A. 6-13-220 to 221. Your second question could arise in this context, since the "incentive allowance" was obviously instituted and phased in over several years in order to encourage and facilitate consolidation, under the assumption that the consolidated district would remain in existence. See A.C.A. 6-20-309 (Supp. 1989). While there appears to be no legislative mechanism for a refund of the consolidation allowance, there may be instances where equitable considerations could come into play, mitigating against the district's retention of the incentive funding. The Arkansas Supreme Court has recognized the principle that the power to dissolve a district "shall not impair the contracts or obligations of such district." Curtis v. Haynes Special School Dist. H., supra, 128 Ark. at 136, 138. If faced with the question, a court might be persuaded that there are obligations attendant upon a consolidated district's receipt of the incentive allowance. We can make no conclusive determinations, however, in the absence of judicial precedent. The question will ultimately have to be decided by the courts, with reference to specific facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.