The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, AR 72143-5331
Dear Senator Beebe:
This is in response to your request for an opinion regarding A.C.A. 6-13-305, 6-13-309 (Supp. 1989), and 6-20-309 (Supp. 1989). These Code sections pertain to procedures for consolidating school districts, and incentive allowances for consolidation. The factual scenarios and questions, as set forth in your correspondence, are as follows:
Assume district A and district B have a pre-consolidation agreement and choose to have an election on October 18, 1990, and provide in their agreement that district A and B will be a legal entity effective November 1, 1990. Assume further that the voters in the October 18 election approve such a move. Also assume that district A has 500 students and district B has 500 students. Would the new district, which we will refer to as district AB, be eligible for the add-on weight of 300 students, pursuant to the statute? Would that district be eligible for 100% of incentive allowance for the new district (district AB) during the first year of the consolidation and 50% of the incentive allowance during the second year following consolidation? Will the new district (district AB) receive the first payment of incentive funding in the 1990/1991 school year under the time table scenario hereinabove set out or will the first year of incentive funding be paid during the 1991/1992 school year?
Assume further that following this measure, district AB chooses to pursue a consolidation with a third district which we will refer to as district C. Let's assume that a pre-consolidation agreement is entered into between the new district (district AB) and district C and that an election is scheduled and held on November 18, 1990, which is approved by the voters. Does this second consolidation involving district AB and district C constitute a totally new consolidation of school districts? Under our factual scenario district AB now has 1000 students after the initial consolidation and assume that district C has 500 students, will there be additional incentive allowance payable to new district ABC and if so, what would that incentive allowance be and when would it be paid? Would it also be paid in the 1990/1991 school year or the 1991/1992 school year in terms of the first phase of the incentive payments?
It must be initially noted that the November 18, 1990 election date would, as a practical matter under this set of facts, appear to run afoul of A.C.A. 6-13-303. I assume that these special election dates result from the fact that resolutions proposing the consolidation of the districts will be filed after the regular school election in 1990, and thus more than six months prior to the next regular election. See A.C.A. 6-13-303.[1] The resolution for district AB to consolidate with district C cannot be filed until November 1, 1990, the proposed effective date for district AB. This scenario does not allow for the requisite notice of the election which, under A.C.A. 6-13-303(d), must be published once each week for two consecutive weeks, with the first publication "not less than twenty (20) days prior to the date set for the election." A.C.A. 6-13-303(d)(2).
In response to your first question with regard to district AB, it is my opinion that the add-on weight of 300 would be appropriate, since the average daily membership of each district presumably exceeds 300. See A.C.A. 6-20-309(a) (Supp. 1989).
As to the receipt of incentive allowances, A.C.A. 6-20-309(d)(1) (Supp. 1989) states:
 One hundred percent (100%) of the incentive allowance computed as provided in this section shall be added to the new school district's aid the first year of consolidation. The aid of the new district for the first year will equal the total of what the districts would have received if the consolidation had not occurred plus one hundred percent (100%) of the consolidation incentive allowance. The second year, the school district shall receive its normal state aid plus fifty percent (50%) of the consolidation incentive funds that it received the previous year. There shall be no incentive allowance beginning with the third year of consolidation.
Thus, in accordance with 6-20-309(d) (Supp. 1989), 100% of the incentive allowance must be added to district AB's aid "the first year of consolidation." While it may be concluded that the answer to your second question regarding district AB is "yes," the question remains concerning the year of receipt of the incentive allowance. While the answer to this question is not absolutely clear, it is my opinion that the incentive allowance would be added to district AB's aid in 1991/1992. This conclusion is indicated by the language of A.C.A. 6-20-309(d)(1) (Supp. 1989) wherein it states:
 One hundred percent (100%) of the incentive allowance computed as provided in this section shall be added to the new school district's aid the first year of consolidation. [Emphasis added.]
The first "year of consolidation" in which minimum foundation program aid ("MFPA") will be received is 1991/1992. MFPA is calculated on a full fiscal year, and no provision is made under 6-20-309 for less than 100% payment of the incentive. In my opinion, therefore, it may reasonably be concluded that 100% of the incentive allowance would be added to district AB's MFPA in 1991/1992.
With regard to your second set of questions concerning district ABC, it appears that this would constitute a new consolidation, assuming that the election was held and other procedures followed in accordance with A.C.A. 6-13-301 et seq. The answer to your first question is, therefore, "yes."
It is my opinion, however, that while ABC would receive its incentive allowance, this payment could not be in addition to the incentive payable to district AB. An incentive allowance is computed, under A.C.A. 6-20-309(a) (Supp. 1989), for "the resulting district." The incentive is added to "the new school district's" aid. A.C.A. 6-20-309(d)(1) (Suppl 1989). This language evidences legislative intent in favor of the district's continued status as a consolidated district in accordance with, in this instance, the election.
This poses a problem in connection with AB's receipt of incentive allowances following its consolidation with district C. District AB has, as a result of the consolidation, "passed out of existence." See Curtis v. Haynes Special School Dist. H.,128 Ark. 129, 139, 193 S.W. 523 (1917) (having passed out of existence when its territory was taken in the creation of a new district, the former district could not be re-established in proceedings for the dissolution of the new district. . . .) We cannot conclude, in light of the language of A.C.A. 6-20-309 (Supp. 1989), that the legislature has authorized a district's continued receipt of incentive allowances following its consolidation with another district during the incentive period. The primary rule of statutory construction is to ascertain and give effect to legislative intent. Thompson v. Younts, 282 Ark. 524, 669 S.W.2d 471
(1984). And this intent is determined primarily from the language employed. Id. These precepts compel the conclusion under the proposed set of facts, that while district ABC would be entitled to receive the maximum number of allowable add-on weights, where two districts consolidate, i.e., 300, the incentive allowance would not be simultaneously provided to what formerly constituted district AB. The incentive would, in my opinion, be added to district ABC's aid in 1991/1992, in accordance with the discussion above with regard to district AB.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The special election dates must, of course, be set by the county board of education, in accordance with A.C.A. 6-13-303.