## HUDSPETH *v.* WALLIS.

Decided January 17, 1891.

*Formation of school districts—Construction of act of 1887.*

The act of April 8, 1887, which provides that "the county court shall have the right to form new school districts or change boundaries thereof, upon a petition of a majority of all the electors residing upon the territory to be divided," contemplates a petition by a majority of the electors of all the districts combined, and not a majority of the electors of each district separately.

APPEAL from *Hot Spring* Circuit Court.

J. B. WOOD, Judge.

Anthony Wallis and others petitioned the county court for the formation of a new school district, to be composed of territory taken from four existing districts. Hudspeth and others, electors residing in one of the districts to be affected, intervened to resist the application. The court dismissed the petition upon the ground that a majority of the electors in one of the four districts had not signed the petition in favor of the new district. Upon appeal the circuit court found that, while a majority of the electors in one of the districts had not signed the petition in favor of creating the new district, a majority of the electors in the four districts combined had signed it. Upon this finding, judgment was rendered granting the petition. Intervenors have appealed.

*M. M. Duffie* for appellants.

A majority of the electors of district No. 8 failing to sign the petition, it was error to dismember their territory without their consent. Acts 1887, p. 286. It requires a majority of all the electors residing upon the territory of the districts to be divided. See Mansf. Dig., sec. 6175, as amended by Acts 1887. A majority of the electors of district No. 8 failed to sign the petition—a majority of the electors, taken as a whole, of the four districts is not sufficient.

*Ratcliffe & Fletcher* for appellees.

School districts are the creatures of the legislature, which can make or unmake them at pleasure, and say how they shall be formed, modified or destroyed. 30 W. Va., 424; 3 N. H., 524; 92 U. S., 307; 100 U. S., 514; 33 Ark., 497. The language is, "a majority of *all the electors* residing upon the territory of the districts to be divided." The agreed statement of facts shows that the petition was signed by a majority of the electors of said school districts, and there is nothing in the act to indicate that a majority of *each* district is requisite. Acts 1887, p. 286; Mansf. Dig., secs. 6175, 6335. No distributive words are used. Words must be taken in their plain, unambiguous sense. 37 Kans, 240; Endlich, Int. St., sec. 4.

COCKRILL, C. J. The question presented by this appeal is as follows: In the formation of a new school district from parts of territory of several previously organized districts is the county court authorized to act upon the petition of a majority of the electors of the several districts, whose territory is to be dismembered, acting in conjunction; or does it require the consent by petition of a majority of the electors of each of said districts? <span>School districts—How formed.</span>

It is conceded that the question must be answered by construing the following section of the statute, viz.: "The county court shall have the right to form new school districts or change boundaries thereof upon a petition of a majority of all the electors residing upon the territory of the districts to be divided." Mansf. Dig., sec. 6175, as amended in 1887. Acts of 1887, p. 286.

It is obvious that it was not the legislative intent to authorize the formation of a new school district upon the petition merely of a majority of the electors residing in the territory of the district petitioned for. The part left, as well as the part taken, of each dismembered district is interested in the change, and the intent was to give the electors in both parts a voice in the matter. But the intention to give

each district a veto power upon every effort to change its boundary is not apparent. If that had been the design, it could have been plainly expressed by a slight change of phraseology, as by saying, " a majority of the electors residing upon the territory of each district to be divided." Instead of that we have this language, " a majority of *all* the electors"—that is, a majority of the aggregate or whole number of the electors—" residing upon the territory   *   *   *   to be divided;" or, what is the same thing, "residing upon the territory of the districts to be divided," for there is no word to convey the idea of distributive or separate action by the districts to be divided. It is the majority of all combined, and not a majority of each separately, that is required.

The agreed statement of facts disclosed that the petition in this case was signed by a majority of all the electors residing in the several districts proposed to be divided, and that they comprised a majority of those residing in each district, save one in which a majority was not obtained. But the majority in one old district, which was to furnish a component part of the new district, could not defeat the will of a majority of the electors in all the districts to be divided.

The circuit court ruled in accordance with these views, and its judgment is affirmed.