HALE *v.* BROWN.

Opinion delivered June 7, 1902.

SCHOOL DISTRICT—POWER TO BUILD SCHOOLS.—The electors of a school district have power to determine at a regular annual meeting whether they will have a school for the ensuing year or not (Sand. & H. Dig., § 7029), and this confers the implied power to devote the revenues for the year to the building of schools.

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

*W. A. Compton,* for appellants.

Schools must be conducted in each township or district not less than three months. Sand. & H. Dig., §§ 7029, 7049. The county court has jurisdiction to change and make districts. Sand. & H. Dig., § 6984.

*McCulloch & McCulloch,* for appellees.

Discretion to grant or reject a petition to form a new school district is not left to the county court. Sand. & H. Dig., §§ 6988, 6989, 6990; Act April 1, 1895.

BUNN, C. J. This is a controversy over the formation of a school district in Lee county out of the territory of an old preexisting district, in this instance numbered 23. The petition for the formation of the new district was denied by the county court, and on appeal to the circuit court was granted, and the petitioners appealed to this court.

In the course of the hearing, petitioners asked the court to make the following declaration of law, to-wit: " That, before a district can be divided, there must be an amount of revenue from all sources to run the white and colored schools for at least three months." This declaration the court made with this qualifying statement: "And in my judgment the school can be suspended for the purpose of building schoolhouses," which modification was excepted to by appellants, who were remonstrants in the court below. There was no error in this modification, for the statute gives to the electors of the district power to determine at a regular annual meeting whether they will have a school for the ensuing year or not (Sand. & H. Dig., § 7029), and this confers, by implication at least, the power to vote the revenues for the year for building or other legitimate purposes.

This cause being tried *de novo* in the circuit court on appeal, the circuit judge had the same discretion as had the county judge. All the statutory requirements were met by allegations in the petition, and this is uncontroverted. The testimony in the case as to the greater convenience of the inhabitants interested in the schools, we think, is sufficient to justify the judgment of the circuit court.

The judgment is therefore affirmed.