STEPHENS *v.* SCHOOL DISTRICT No. 85.

Opinion delivered June 17, 1912.

1.  SCHOOLS—FORMATION OF NEW DISTRICT—PETITION.—Under Kirby's Digest, section 7544, providing for the formation of new school districts

upon a petition of a majority of the electors residing upon the district to be divided, such petition is jurisdictional.  (Page 147.)

2.  CIRCUIT COURT—PROCEDURE ON APPEAL.—Upon appeal from the the county court, the circuit court tries the cause *de novo*, as if it had been originally brought in that court.  (Page 149.)

3.  SCHOOLS—FORMATION OF NEW DISTRICTS—PETITION.—Where a petition for the formation of a new school district did not show that it was signed by a majority of the electors residing in the district to be divided, and no evidence was offered to establish such fact, the petition was properly denied by the circuit court.  (Page 149.)

4.  SAME—NEW DISTRICT—PLEADINGS.—In a proceeding to establish a new school district pursuant to Kirby's Digest, § 7644, the pleadings should be liberally construed.  (Page 149.)

Appeal from Lonoke Circuit Court: *Eugene Lankford,* Judge; affirmed.

*J. W. Stephens, pro se.*

1.  The alleged demurrer was a mere protest.

2.  The record shows on its face a majority favoring the new district.  No evidence to the contrary was offered.  54 Ark. 135; Kirby's Dig., § 7544.

3.  The facts warranted a new district, and the court, a court of competent jurisdiction, so found, and it will be presuméd to have acted upon sufficient evidence to sustain its finding.  53 Ark. 478; 38 *Id.* 157.

*George M. Chapline* and *Trimble, Robinson & Trimble,* for appellee.

The statute requires a majority of the electors residing in the district.  Kirby's Dig., § 7544.  The burden was on petitioners to show this.  54 Ark. 134.  They failed.

*Charles A. Walls,* for appellants in reply, cites 98 Ark. 553, and 54 *Id.* 134.

FRAUENTHAL, J.  This is an appeal from the judgment of the circuit court, setting aside an order of the county court forming a new school district.  The proceeding was begun by a petition being filed in the county court in which it is stated that the petitioners request said court to form a new school district out of certain territory which is therein specifically described.  This territory is a part of School District No. 85, and two directors of that school district filed a remon-

strance against or response to said petition, in which they stated that the territory described therein is a portion of School District No. 85, and that the petitioners did not constitute a majority of the electors of said school district. The county court found that the petitioners were entitled to the new school district prayed for, and made an order forming such district out of a portion of the territory of said established School District No. 85. From this order of the county court an appeal was prosecuted to the circuit court. In the circuit court the matter was submitted for determination upon the petition, response and the record of the county court. The circuit court found that the petitioners did not show that a majority of the electors residing in said district No. 85, out of which the new district is sought to be created, favored the formation of said new district, and also that the petition itself did not state facts sufficient to warrant the relief asked. It thereupon entered judgment setting aside the order of the county court forming said new school district. From this judgment the petitioners have appealed to this court.

This proceeding for the formation of a new school district was had in pursuance of section 7544 of Kirby's Digest, which provides: ''The county court shall have the right to form new school districts or change the boundaries thereof upon a petition of a majority of all the electors residing upon the territory or the district to be divided.'' (Acts of 1891, p. 194.) In the case of *Hudspeth* v. *Wallace*, 54 Ark. 134, it was held that by virtue of this statute it requires the consent by petition of a majority of the electors of the district whose territory is to be divided in order to authorize the county court to form a new school district. It follows, therefore, that, before the petitioners were entitled to the relief asked, it was necessary that a majority of the electors of School District No. 85, out of whose territory the new school district was to be formed, should sign the petition asking for the formation of the new school district. Before the court was authorized to form the new school district, it was necessary for it to find that such majority did by petition ask or consent to its formation. This it could only find from proper testimony adduced upon the trial of the matter. It therefore devolved upon those seeking the formation of the new district to show this fact.

Upon the hearing of the proceeding in the circuit court, no testimony was introduced relative to this question of fact. From the judgment which that court entered it appears that the matter was submitted "upon the pleadings and record filed herein." The petition is signed by eighteen persons. But in the petition there is no statement that those signers constituted a majority of the electors residing upon the territory of the district to be divided, nor in fact is there any allegation in this petition that any of these signers is such an elector. The pleading filed by those resisting the petition states that the signers of the petition do not constitute a majority of such electors. This was the status of the proceeding when the matter was submitted to the circuit court for its determination. There was no testimony of any character, either verbal or by affidavit, showing that the requisite number of electors had signed the petition. Without such showing, the court was not authorized to make an order forming the new school district.

It is urged by counsel for the petitioners that eighteen persons signed the petition, and only two persons signed the remonstrance, and that this was sufficient to show that a majority of the electors favored the formation of the new school district. It is further urged that, inasmuch as the county court had made an order granting the prayer of this petition and creating the new school district, it became incumbent on those resisting the petition to show, upon the appeal of the matter to the circuit court, that error was committed by the county court in making the order forming the new district; and, therefore, that the burden was upon the remonstrants to show that a majority of such electors had not signed the petition.

The mere fact, however, that eighteen persons signed the petition and only two signed the remonstrance, even if it had been shown that all of these were electors residing on the territory to be divided, would not be sufficient to show that they constituted a majority of the electors residing upon that territory. As before stated, there was no testimony and no statement in the petition showing how many electors resided on that territory, and no statement or testimony showing that the signers of the petition were electors of, or constituted a majority of the electors residing on, such territory. In the

order of the county court, there is no recital of a finding of that fact, and if there had been such a finding made by the county court, the burden did not rest upon those appealing from that order to show that error was committed in making it. When an appeal is taken from an order or judgment of the county court, it is the duty of the circuit court to try the matter or case *de novo*. By such appeal, the circuit court obtains jurisdiction over the matter and proceeding to the same extent as if it had been originally brought in that court. It does not pass upon the question as to whether or not the county court has committed error in any of its findings, either of fact or of law, but it must try the cause and proceeding upon its merits, both of law and of fact, just as if it had been originally brought in the circuit court. It does not either affirm or reverse the order or judgment of the county court, but determines the same upon a new trial by the exercise of its own discretion and judgment, and comes to a final determination of the matter and enters a final judgment thereon. *Batesville* v. *Ball*, 101 Ark. 496. Upon the trial anew in the circuit court, this proceeding was submitted for final determination upon the pleadings alone. In a special proceeding of this nature, the pleadings should be and are liberally construed. If the petition in this proceeding did not state that its signers constituted a majority of the electors residing upon the territory to be divided, and testimony had been introduced showing that fact, then the petition might, and would be, deemed amended to conform to such proof. But in a proceeding of this nature the court is only warranted in making an order upon the petition of a majority of the electors residing on such territory consenting to or requesting the formation of a new school district. That fact must be made to appear by the petitioners. This was not shown, and the court was therefore correct in adjudging that a new school district should not be formed.

The judgment is accordingly affirmed.