## CARPENTER *v.* LEATHERMAN.

### Opinion delivered April 19, 1915.

1. SCHOOL DISTRICTS—FORMATION—PETITION—DISCRETION OF COUNTY COURT.—Under Kirby's Digest, § § 7543 and 7544, the county court has a discretion in the matter of carving a new school district out of an old district, when petitioned to do so by the inhabitants of the former.

2. APPEALS—APPEAL FROM COUNTY COURT—DISCRETION OF CIRCUIT COURT.—On an appeal from the county to the circuit court, the cause is tried *de novo*, and the circuit court has the same discretion as the county judge had in the same matter.

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*O. H. Sumpter,* for appellant.

Under our present laws, neither the county court, nor circuit court on appeal has any discretion to refuse the creation of a new school district, if the law is complied with. The statute is imperative, and it was the duty of the court to form the new district. Endlich, Int. Stat., 422-5, § § 306, 312, 315; 91 Ark. 5; 36 Mo. 278.

*Rector & Sawyer,* for appellees.

The formation of a new school district is within the sound discretion of the court, and unless its discretion is abused or arbitrarily exercised, its action should be upheld. 10 Enc. U. S. Sup. Ct. Dec. 1130; 34 Ark. 394-398; 1 Johns. Ch., 488; 27 N. Y. S. 407; 28 Ala. 36; 19 *Id.* 462; 70 Ark. 471; 104 Ark.

Mandatory words are often construed to be merely permissive. See cases cited *supra.*

HART, J. Appellants filed a petition in the Garland County Court for the formation of a school district to be carved out of certain territory embraced in School District No. 8. The county court granted the petition and appellees appealed to the circuit court. In the circuit court it was proved that the petition was signed by a majority of all the electors residing in the territory of the district to be divided; that the new district would not have less than thirty-five persons of scholastic age residing in it; that the formation of the new district would not reduce the number of persons of scholastic age in District No. 8 to less than thirty-five; and that the notice of the presentation of the petition, as required by the statute, was duly posted. The circuit court so found; and further found from the testimony of witnesses introduced by the remonstrants that the establishment of a new school district in the territory embraced in said petition would not be for the best interests of the school and the inhabitants of said district and denied the petition. From the judgment rendered denying the establishment of a new district, appellants have duly prosecuted an appeal to this court. Counsel for appellants concede that there was no abuse of discretion on the part of the circuit court in its finding, but contend that the act providing for the formation of new school districts is so worded as to exclude all discretion on the part of the court. On the other hand, it is contended by counsel for appellees that the court has a discretion in the formation of new school districts, and that unless its discretion is abused or arbitrarily exercised, it should be upheld.

Counsel for appellants concede that under the act of December 7, 1875, relating to the matter of the formation of new school districts, the county court was invested with a large discretion which it should use for the best interests and convenience of the citizens residing therein. The act provides that the county court shall have power to alter the boundaries of school districts in counties in this State and further provides that "in all changes due regard shall be had to the convenience of the citizens,"

etc. They contend that the discretion vested in the court by this act has been taken away by the subsequent acts of the Legislature relating to the subject. The acts referred to by them as making this change are the following provisions of Kirby's Digest:

"Section 7543. No new school district shall be formed, having less than thirty-five persons of scholastic age residing within the territory included in such new district, and no district now formed shall, by the formation of a new district or transfer, be reduced to less than thirty-five persons of scholastic age. Act April 8, 1887, section 2."

"Section 7544. The county court shall have the right to form new school districts or change the boundaries thereof upon a petition of a majority of all the electors residing upon the territory of the districts to be divided. Act of April 8, 1887, section 3."

(1) Counsel insist that the language of the provisions above quoted is imperative and excludes all discretion. From a careful consideration of the provisions, we are of the opinion that such was not the intention of the Legislature. If the Legislature had intended to change the entire policy of the system forming new school districts or changing the boundaries thereof from discretion to a mandatory requirement on the part of the county court, it would have done so by express and peremptory terms. It will be observed that it uses the language, "the county court shall have the right to form new school districts or change the boundaries thereof upon a petition," etc. These are not words of command, and do not mean that the county court can only record the will of a majority of all the electors residing in the territory of the district to be divided where not less than thirty-five persons of scholastic age reside within the territory of the new district and the old district is not reduced to less than thirty-five persons of scholastic age.

It will be observed that the language of the statute does not provide that it shall be the duty of the county court to form the new district, nor does it require the

county court to form the new district when the conditions imposed by statute have been complied with, but the language is that the court shall have the right to form new school districts or change the boundaries thereof. This rather implies that the court has a discretion in the matter which is to be exercised for the best interests of the citizens of the district to be affected when the conditions imposed by the statute are complied with.

(2)    Though the precise question has not been decided by this court, the views we have expressed are in accord with the trend of our former decisions. In the case of *Stephens* v. *School District No.* 85, 104 Ark. 145, there was an appeal from the judgment of the circuit court setting aside an order of the county court forming a new school district. It was urged there that it was incumbent upon those resisting the petition to show upon appeal to the circuit court that error was committed by the county court in making the order forming the new district. The court said:

"When an appeal is taken from an order or judgment of the county court, it is the duty of the circuit court to try the matter or case *de novo*. By such appeal, the circuit court obtains jurisdiction over the matter and proceeding to the same extent as if it had been originally brought in that court. It does not pass upon the question as to whether or not the county court has committed error in any of its findings, either of fact or of law, but it must try the cause and proceeding upon its merits, both of law and of fact, just as if it had been originally brought in the circuit court. It does not either affirm or reverse the order or judgment of the county court, but determines the same upon a new trial by the exercise of its own discretion and judgment, and comes to a final determination of the matter and enters a final judgment thereon."

It will be noted that the court in that case had in mind that the circuit court might exercise discretion in determining whether or not the prayer of petitioners should be granted. So, also, in the case of *Hale* v. *Brown,* 70 Ark. 471, the court used this language:

"This cause being tried *de novo* in the circuit court on appeal, the circuit judge had the same discretion as had the county judge."

The judgment will be affirmed.