School District No. 45 *v.* School District No. 8.

Opinion delivered June 7, 1915.

School districts—dismemberment—majority petition.—Property can not be taken from one school district and added to another, under Kirby's Digest, § 7544, except upon a petition of a majority of all the electors residing upon the territory of the districts to be divided.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; reversed.

*E. H. Vance, Jr.*, for appellant.

The petition did not contain a majority of all the electors of the district, to be *"divided."* Kirby's Dig.,

§ 7544; Acts, 1891, p. 194.   District No. 8 was not divided, and it took a majority of the electors of District No. 8 to give the court jurisdiction.   54 Ark. 134; 105 Ark. 47; 102 Ark. 401.

*J. C. Ross,* for appellee.

The circuit court followed the statute.   Kirby's Dig., § 7544; 54 Ark. 134.

McCULLOCH, C. J.   This is a controversy over the change of the boundary line between two adjoining school districts in Hot Spring County transferring about three sections of land from District No. 45 and attaching the same to District No. 8.   The proceedings were inaugurated on the petition of electors which constituted a majority of the aggregate number of electors of both districts, but all of the petitioners save one resided in District No. 8.   There were only two voters residing upon the disputed territory sought to be transferred from one district to the other, and one of them signed the petition, being the only elector in District No. 45 who signed.   The county court refused to grant the prayer of the petition, but on appeal to the circuit court the prayer was granted and judgment was rendered changing the boundaries of the districts so as to transfer the disputed territory to District No. 8.

The decision of the case involved a construction of the statute on this subject, which reads as follows: "The county court shall have the right to form new school districts or change the boundaries thereof upon a petition of a majority of all the electors residing upon the territory of the districts to be divided."   Kirby's Digest, § 7544.

On both sides of the controversy, the case of *Hudspeth* v. *Wallis,* 54 Ark. 134, is cited, with the contention that it is decisive of this case, but we do not find that it has any bearing on the question now involved.   In that case, the petitioners were attempting to form a new school district out of territory taken from four old districts, and the contention of those opposing the formation of the district was that the statute required a petition of a majority of the electors of each district to be divided,

but the court held that the statute meant that there must be a majority of the aggregate number of electors of all the districts to be divided. The court, in deciding that case, literally followed the language of the statute.

Now, it will be observed from the narrative of the facts that District No. 45 is the only one to be divided. The disputed territory is to be added to District No. 8, but that district is not to be divided. So, if we follow the language of the statute literally, it leads necessarily to the conclusion that a petition of a majority of the electors of District No. 45, which is the one to be divided, is required, and that the number of electors in District No. 8 is not to be taken into account at all in determining the requisite number of petitioners who could authorize the county court to make the change. Counsel for appellee treat the statute as providing that a petition of a majority of each of the districts to be affected is required, but that calls for a substitution of the word "affected" for the word used in the statute—a word having an altogether different meaning. It may be argued also that this construction of the statute gives no voice at all to the electors of the district to which the territory is to be attached, but the answer to that is that they can be heard in the county court, where there is a discretion vested to determine whether, even though the statutory requisites have been complied with, it is for the best interests of the districts for the change to be made. The county court is not bound to grant the petition merely because the prerequisites are complied with, but that court or the circuit court on appeal may exercise a discretion in regard to making the change. *Hale* v. *Brown*, 70 Ark. 471; *Stephens* v. *School District*, 104 Ark. 145; *Carpenter* v. *Leatherman*, 117 Ark. 531, 176 S. W. 113.

The court has no authority, however, to make the change unless the statute has been complied with by a presentation of a petition signed by a majority of the electors of the district or districts to be divided. The petition in this case did not come up to the requirements of the statute, and therefore the circuit court erred in granting the prayer thereof.

The judgment is therefore reversed, and the cause is remanded with directions to the circuit court to enter a judgment denying the prayer of the petition, as was done by the county court of Hot Spring County.