RURAL SPECIAL SCHOOL DISTRICT No. 17 v. SPECIAL SCHOOL DISTRICT No. 56.

Opinion delivered May 8, 1916.

SCHOOL DISTRICTS—ANNEXATION OF TERRITORY TO SINGLE SCHOOL DISTRICT—DISCRETION OF COUNTY COURT—REVIEW.—The county court, under Kirby's Digest, § 7695, is given a discretion to determine judicially whether adjoining property should be annexed to a single school district, and the judgment of the county court will not be controlled, unless the evidence shows an abuse of that discretion.

Appeal from Polk Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*Elmer J. Lundy*, for appellant.

The county court had no discretion to refuse the petition and its only office was to grant the annexation as prayed for in the petition, and the circuit court should have made such an order as the county court should have made in the first instance. Appellees, after remonstrating and successfully inducing the court to refuse annexation, could not take advantage of their own acts of remonstrating and by inducing the court to order an election in School District 56 to defeat the jurisdiction of the circuit court on appeal. Kirby's Digest, § 7695; 105

Ark. 47, 49-50; 104 *Id.* 145, 149; 76 *Id.* 48; 134 Ill. 603; 3 Corp. Jur. 1255, 1258; 29 Ark. 81; 23 Cal. App. 627; 138 Pac. 917; 110 N. W. 16.

*Minor Pipkin,* for appellee.

The remonstrance of Frachiseur was properly treated as a request for the withdrawal of his name from the petition. 40 Ark. 290.

This is simply a case where after the first trial and before it reaches a higher court on appeal, a new defense has arisen which defendant had the right to urge. 66 Ark. 93; 24 Cyc. 737. The court had the discretion to grant or refuse the petition and no abuse is shown. The judgment is right and should be affirmed.

McCulloch, C. J. Appellant is a rural single school district established under Act 321 of the General Assembly of 1909, which authorizes the formation of rural single school districts in the same manner as such districts are created in cities and towns. The present proceeding is one instituted in the county court to annex certain contiguous territory to appellant district. The statute on that subject reads as follows: ''The county court shall annex contiguous territory to single school districts, under the provisions of this act, when a majority of the legal voters of said territory and the board of directors of said single district shall ask, by petition, that the same shall be done.'' Kirby's Digest, section 7695.

The territory sought to be annexed covers several contiguous tracts of land aggregating 560 acres embraced within the boundaries of appellee district, which was at the time of the institution of this proceeding a common school district, and it appears from the record before us that there was only one legal voter residing in that territory. The petition was filed by the directors of appellant district and the single voter residing in the territory to be annexed. It was filed on May 18, 1915, and it appears that on the preceding day a petition had been field with the county court by a majority of the electors of Common School District No. 56, asking that an election be called for the purpose of constituting a single school district

out of the territory of that school district. It appears, however, that the original petition for the creation of the new single school district was abandoned, and while the annexation proceedings were pending in the county court a new petition was filed by a majority of the voters of the common school district to create a single school district out of that territory, except eighty acres of land therein which is a part of the territory sought to be annexed. The voter residing in the territory sought to be annexed signed the petition for the creation of the single school district, and the county court treated the petition for the creation of that district as a protest against the annexation of the territory to District No. 17, and held that it in effect constituted a request of the single voter to withdraw his name from the petition for annexation, and entered an order dismissing the petition, from which order an appeal was prosecuted to the circuit court.

While the cause was pending in the circuit court on appeal, the county court ordered an election pursuant to the petition of the voters of Common School District No. 56, and the election was held and a majority of the voters having cast their ballots in favor of the project the new district was created. When the annexation petition came on for hearing in the circuit court, that court adjudged that the prayer of the petition be denied as to all of the territory except the eighty acres of land which had not been included in the new single school district. The eighty acres in question was, but the judgment of the circuit court, annexed to District No. 17, and from that judgment District No. 17 prosecuted an appeal to this court.

There are several questions suggested, concerning the power of the court to annex territory to District No. 17, which we do not deem it proper to decide now for the reason that no appeal has been prosecuted from that part of the order which annexed a certain portion of the disputed territory of District No. 17. In the first place, it is debatable whether the statute authorizing the annexation of adjoining territory to single school districts in cities

and towns applies to rural single school districts created under the Act of 1909. Another disputed question is as to which petition takes precedence, the one to annex territory or the one to create a new single school district to include the territory sought to be annexed; this court having recently held that the territory embraced within a petition for the creation of a new single school district can not, after the election has been ordered, be invaded by an attempt to create another district out of a part of that territory. *Special School District No. 79 v. Special School District No. 2,* 121 Ark. 581. Still another question suggested by the record is whether or not the county court has the power to annex part of the territory set forth in the petition without annexing the whole of the territory sought to be annexed. All of these questions we deem it improper to decide at this time for the reason, as before stated, that no appeal has been prosecuted from that part of the order which annexes a portion of the territory, and we find another solution which does not involve the determination of either of those questions.

The only point we find it necessary to decide here is whether or not the statute authorizing the annexation of adjoining territory to single school districts gives the county court any discretion in passing upon a petition, or whether the order must be made as a matter of course upon presentation of the petition. That question has not heretofore been decided by this court. We held in *Bonner v. Snipes,* 103 Ark. 298, that the creation of a single school district was consummated by the affirmative vote of a majority of the electors, and that no order of the county court was required to complete the organization. It does not follow, however, from that decision that the county court has no discretion in the matter of making an order for the annexation of territory. We have held in several cases that the county court exercises discretion with respect to change of the boundaries of common school districts. *Hale v. Brown,* 70 Ark. 471; *Stephens v. School District,* 104 Ark. 145; *Carpenter v. Leather-*

*man,* 117 Ark. 531, 176 S. W. 113; *School District, No.* 45
v. *School District No. 8,* 119 Ark. 149. The same reason
would apply for holding that the county court has dis-
cretion in annexing territory to a single school district.
The statute provides that an order of the county court
shall be necessary, and that implies that the court acts
judicially in determining whether or not the order for
the annexation should be made. If it had been intended
that the annexation should be accomplished merely by
the filing of a petition, the lawmakers would have so
stated without providing for the county court to act upon
the petition. If the county court acts judicially in pass-
ing upon the petition, then it has discretion in determin-
ing the propriety of making the order.

The fact that the language used is mandatory in its
terms amounts to nothing in the construction further than
to indicate that the county court must grant the order
if the proper petition is filed and the conditions favor it.
It does not mean, however, that the county court is bound
to make the order, regardless of the circumstances of
the case, when contrary to the court's judgment as to
the best interest of those concerned. There is nothing
strained in this construction, for single school districts
are not entirely beyond the control of county courts, not-
withstanding the fact that they are created merely by
vote of the electors of the district. We have held that
the statute authorizing the transfer of children and prop-
erty from one district to another applies to single school
districts (*District No.* 33 v. *Eubanks,* 119 Ark. 117); also
that the general statute providing for dissolution of
school districts by orders of the county court applies to
single school districts as well as to common school dis-
tricts. *Hughes* v. *Roebuck,* 119 Ark. 592.

We hold, therefore, as a more reasonable view of the
statute, that the Legislature meant to lodge in the county
court some discretion in determining judicially whether
or not the order of annexation should be made, and the
judgment of the county court on that subject will not be
controlled unless the evidence shows an abuse of the dis-

cretion.  In the present case there is no bill of exceptions and we are, of course, unable to determine what influenced the circuit court in reaching the conclusion that this territory which had been formed into a single school district should not be taken away from that district and added to another adjoining district.  We indulge the presumption that the circumstances shown to the court made it appear to be inexpedient to thus dismember the new school district, even if we hold that the court had the power to do that.

The judgment of the circuit court is therefore affirmed.