MITCHELL *v.* DIRECTORS OF SCHOOL DISTRICT No. 13.

## Opinion delivered April 3, 1922.

1. SCHOOLS AND SCHOOL DISTRICTS—VALIDITY OF ACTS CREATING COUNTY BOARDS.—Act March 11, 1919 (Acts 1919, No. 234) creating county boards of education and conferring upon them power to form new school districts or to alter the boundary lines of existing ones, is valid and not in conflict with Const. art. 7, § 28, providing that county courts shall have exclusive original jurisdiction over local concerns of their respective counties.

2. SCHOOLS AND SCHOOL DISTRICTS—NOTICE OF PROCEEDINGS TO CHANGE BOUNDARIES.—Acts 1919, No. 234, creating county boards of education and conferring on them power to form new districts or alter the boundary lines of existing ones, merely changed the tribunal which was authorized to act, but not the method of procedure, and did not repeal Crawford & Moses' Dig., § 8821, requiring notice of the change before the petition is presented to the county board, and such notice in a proceeding before the board is jurisdictional.

3. SCHOOLS AND SCHOOL DISTRICTS—REVIEW OF PROCEEDINGS BEFORE COUNTY BOARD.—The acts of a county board of education in respect to changing boundary lines of school districts are *quasi* judicial, and certiorari lies to review such proceedings.

Appeal from Jefferson Circuit Court; *W. B. Sorrels,* Judge; reversed.

This proceeding was instituted in the circuit court by certiorari by appellants against appellees to review the action of the county board of education of Jefferson County, Ark., in taking from common school district No. 6 four sections of land and adding the same to common school district No. 15.

On the 21st day of May, 1921, the directors of school district No. 15 presented a petition to the county board of education of Jefferson County, Ark., asking that the boundary lines between school district No. 6 and school district No. 15 be changed so as to take four sections of land from school district No. 6 and add the same to school district No. 15. The petition was granted by said board.

The directors of school district No. 6 allege that said petition did not contain a majority of the electors of either district No. 6 or district No. 15, or of both districts combined. They also allege that proper notice was not given as required by law prior to the filing of said petition with the board of education of Jefferson County, Arkansas.

The prayer of the petition is that the order of said board changing the boundaries between said districts as aforesaid be set aside and held for naught.

The circuit court sustained a demurrer to the petition, and the plaintiffs, who are appellants here, electing to stand upon their demurrer, their complaint was dismissed and judgment was rendered in favor of the defendants, who are appellees in this court. To reverse that judgment appellants have duly prosecuted this appeal.

*Brockman & Lucas*, for appellant.

Act 234 of the Acts of 1919 merely transferred certain powers of the county judge to the county board of education, but the manner of procedure to effectuate this purpose was not changed. Therefore notice, as provided in sec. 8821, C. & M. Digest, should have been given.

105 Ark. 7; 116 Ark. 291. It is a prerequisite to the filing of the petition and the exercise of jurisdiction by the board.

The petition is jurisdictional. 104 Ark. 145; 119 Ark. 149; 119 Ark. 492.

No appeal was authorized by the act, and the only remedy is by certiorari. Certiorari will lie where the inferior tribunal has exceeded its jurisdiction; or where it has proceeded illegally and no appeal will lie, but that the right has been unavoidably lost. 52 Ark. 213; 131 Ark. 211; C. & M. Dig., §§ 2237-9. The county board acts in a quasi-judicial manner, and its actions is subject to review on certiorari. 109 Ark. 100; 11 C. J., § 27, p. 102; 126 Ark. 125.

*Caldwell, Triplett & Ross,* for appellee.

The Legislature in passing act 234 took away from the county court and vested in the county board of education the authority to change the boundaries of school districts, and the act repealed all others in conflict therewith, which necessarily repealed sec. 8823, C. & M. Digest. The Legislature has complete control in such matters (111 Ark. 379; 119 Ark. 592), and it can delegate its authority to a board created for the purpose. 96 Ark. 410; 106 Ark. 151; 109 Ark. 433. No petition for changing the boundaries of districts was provided for in the above act.

Certiorari will not lie to review the action of the board. 106 Ark. 151; 96 Ark. 410.

HART, J. (after stating facts). The Legislature of 1919, by act 234, approved March 11, 1919, creates county boards of education, and section four of the act gives to said boards the direction and supervision of the public schools of their respective counties, and also provides that said board, among other powers granted, shall have the power to change the boundary lines between school districts. Section 4 of said act is § 8876 of Crawford & Moses' Digest.

Prior to the passage of the act of 1919 conferring jurisdiction upon the county board of education to change the boundary line between school districts, that power was granted to the county court.   Section 7544 of Kirby's Digest.   Section 8823 of Crawford & Moses' Digest simply substitutes the county board of education for the county court, in conformity with the transfer of the jurisdiction from the county court to the board of education in forming new school districts and changing the boundaries of the old ones.

It is suggested that the Legislature was without power to make this change.   This proposition has already been decided adversely to that contention by this court.   This court has expressly held that the Legislature has the power to establish new school districts and to change the boundaries of those established for any reason that may be satisfactory to it.   The court expressly said that whatever power the Legislature has lawfully conferred upon county courts in these respects, it may take away and confer upon other agencies or tribunals. *School District of Hartford* v. *W. Hartford Sp. Dist.* 102 Ark. 261; *Common School District No. 13* v. *Oak Grove Special School District,* 102 Ark. 411, and *Norton* v. *Lakeside Special School District,* 97 Ark. 71.

It is true that in none of these cases did the court discuss in its opinion the effect of article 7, § 28, of the Constitution of 1874, providing, among other things, that county courts shall have exclusive original jurisdiction over the internal improvements and local concerns of their respective counties.   The effect of all our previous decisions, however, bearing on the subject, show that the court did not consider the jurisdiction to form school districts or to change the boundaries was conferred upon county courts under the provisions of the Constitution referred to, but that it has always been considered a purely statutory power.

In each of the cases cited above the court expressly held that a school district is a creature of the Legislature

or some governmental agency named in the Legislature, and that the Legislature may create, alter, or abolish school districts at will. Under the statute single school districts may be formed by incorporated towns in the manner provided by the statute without the intervention of the county court. *Beavers v. State,* 60 Ark. 124. This could not be done if the section of the Constitution above referred to placed exclusive jurisdiction in the county court.

Therefore, we are of the opinion that the act of the Legislature of 1919 conferring upon county boards of education the power to form new school districts or to alter the boundary lines of existing ones is valid and constitutional.

It is the contention of counsel for appellants that the action of the county board in transferring the four sections of land from school district No. 6 to school district No. 15 is invalid because the notice required by § 8821 of Crawford & Moses' Digest was not given. That section provides, in substance, that notice of the proposed change shall be given in the form provided by the statute by posting the same thirty days before the convening of the court at which the petition shall be presented.

In *Lewis v. Young,* 116 Ark. 291, this court held that the giving notice of change as prescribed by the statute was a prerequisite to the exercise of jurisdiction in the premises by the county court. Other courts have held that similar statutory requirements are jurisdictional, and that a failure to comply with them invalidates the organization of the school district and all taxation resulting therefrom. *Perryman v. Bethune,* (Mo.) 1 S. W. 231; *Noble v. White,* (Ky.) 77 S. W. 678; *Gentle v. Board of School Inspectors,* (Mich.) 40 N. W. 928; *Fractional School Dist. No. 3, etc. v. Board of Inspectors, etc.* (Mich.) 30 N. W. 198; *State v. Supervisors of Town of Clifton,* (Wis.) 88 N. W. 1019.

But it is contended by counsel for appellee that § 8821 of Crawford & Moses' Digest is no longer in force.

They contend that the court took up the whole subject anew in the act of 1919 above referred to, and that this had the effect of repealing the section requiring notice of the change before the petition therefor was presented to the county court.

We do not agree with counsel for appellees in this contention. The act of 1919 only had the effect to transfer the power to make the change from the county court to the county board of education, and it in no wise affected the mode of procedure.

Section 8877 of Crawford & Moses' Digest provides that the county board of education shall meet at least four times each year and prescribes the time of holding the regular meetings of said board and that three members thereof shall constitute a quorum. The object of the notice required by the statute was to enable parties whose interests might be affected to be heard before any action is taken, and there would be just as much need for requiring the notice in a proceeding before the county board of education as in a proceeding before the county court. It is evident from reading the act of 1919 that its purpose was merely to change the tribunal which had power to act and not to change the method of procedure in the premises.

As we have already seen, the notice required by the statute is jurisdictional, and there is nothing in the act of 1919 which shows that the Legislature intended to dispense with this requirement.

Again, it is sought to uphold the judgment of the circuit court on the ground that, under the statute, the action of the county board of education is purely administrative, and that a writ of certiorari will not lie to review its proceedings.

As we have already seen, the statute merely changes the power to act in the premises from one tribunal to another. We have held in several cases that the county court exercised discretion with respect to the power conferred upon it in the change of boundaries of common school

districts. *Hale* v. *Brown,* 70 Ark. 471; *Stephens* v. *School District No. 85,* 104 Ark. 145; *Carpenter* v. *Leatherman,* 117 Ark. 531; *School Dist. No. 45* v. *School District No. 8,* 119 Ark. 149, and *Rural Special School District 17* v. *Special School District No. 56,* 123 Ark. 571. The same reason would apply for holding that the county board of education has discretion under the statute. As we have just seen, the statute only changes the jurisdiction to act from one tribunal to another, and we are of the opinion that the county board of education acts in a *quasi* judicial manner in the premises. No appeal from the order of the board of education is given by the statute. It follows that a writ of certiorari will lie to review the proceedings of the board. *Hall* v. *Bledsoe,* 126 Ark. 125.

As we have already seen, the petition of appellants show that the statutory requirement as to notice was not given, and the circuit court should have issued the writ of certiorari and granted the prayer of appellants' petition.

The judgment of the circuit court is therefore reversed, and the cause is remanded, with directions to overrule the demurrer to appellants' petition and for further proceedings according to law.