SCHOOL DISTRICT No. 26 *v.* SCHOOL DISTRICT No. 32.

Opinion delivered June 4, 1928.

*Emmet Vaughan,* for appellant.

*George W. Emerson,* for appellee.

HUMPHREYS, J. On petition of School District No. 26 to the county board of education of Prairie County, under authority of § 8823 of Crawford & Moses' Digest,

the board detached three sections of land from School District 32 and added same to said District 26, from which order of the board an appeal was prosecuted to the Southern District of the circuit court of Prairie County. The cause was tried *de novo* in the circuit court upon an amended petition and response and the oral testimony of the witnesses, resulting in a denial of the prayer and a dismissal of appellant's petition, from which is this appeal.

Appellant contends for a reversal of the judgment upon two grounds: First, because contrary to the evidence, and second, because the circuit court is not authorized by statute to try appeals from the county board of education *de novo*.

(1). We are not called upon to determine whether the judgment of the court is supported by the weight of the evidence. The rule is that, if the finding of the court is supported by any substantial evidence, this court cannot disturb it on appeal. We have read the testimony, and have concluded that the finding and judgment of the court is supported by substantial evidence. We do not understand appellant to seriously contend that the finding and judgment of the court is not supported by some substantial evidence. It could serve no useful purpose to set out the testimony of the several witnesses, so we will not unnecessarily extend this opinion by doing so.

(2). It was provided by act 183 of the Acts of the General Assembly of 1925 that a party to the record in a proceeding before any county board of education, who feels aggrieved by any final order or decision of such board, may prosecute an appeal therefrom within thirty days to the circuit court of the district. The argument is made that, because said act fails to expressly provide for trial *de novo* in the circuit court, the Legislature only intended that errors of law or gross abuse of power by such boards might be corrected on appeal. Had this been the intention of the Legislature, the act would not have provided for a general appeal, but for one limited in scope. No provision is made in the law for making

and preserving the record of proceedings before the county boards of education and for transmitting same to the circuit court. Without such a record it would be impossible for the circuit court to determine whether errors were committed in the proceedings or whether such boards grossly abused the power conferred upon them. It is quite evident that the Legislature intended to allow any party to the record who felt aggrieved to appeal and try his case upon its merits in the circuit court.

No error appearing, the judgment is affirmed.