BLEDSOE v. McKEOWEN.

Opinion delivered April 14, 1930.

S. F. *Morton* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Paul G. Matlock,* for appellee.

HUMPHREYS, J. A petition to form a new Special School District out of Rural Special School Districts Numbers 30-31-6, three sections of Number 5 and Common School District Number 8 in Dallas County, duly signed by a majority of the electors residing therein, was filed with the county board of education of said county under the provisions of act 156 of the Legislature of 1927. A remonstrance against the formation of the district was filed before said board by electors residing in Special School District Number 6.

On a hearing of the petition and remonstrance, said board formed the territory described in the petition and shown by the plat accompanying same into a new special school district designated "Rural Special School District Number 42" of said county, from which order and con-

solidation electors in districts 5, 6 and 8 prosecuted an appeal to the circuit court of said county.

The cause was there tried by the court upon the petition, remonstrance and agreed statement of facts, together with the testimony of witnesses introduced by the respective parties upon the issue of whether or not it would be to the best interest of all parties affected to form the new district, resulting in a finding that it would be to the best interest of said districts numbers 30 and 31 for said territory embraced in said petition to be formed into a new rural special school district; that it would not be to the best interest of the other parties affected for said new district to be formed or created, and therefore it would not be for the best interest of all parties affected for the new district to be formed as proposed; and a rendition of a judgment vacating the order of said board and dismissing the petition, from which is this appeal.

It is apparent from the finding and judgment of the trial court that he gave no weight to the finding and order of said board. Section 1 of said act is, in part, as follows: "Upon a petition being filed with the county board of education signed by a majority of the qualified electors in the territory to be affected, said county board of education of any county within the State of Arkansas shall have the right to form new school districts, and to change the boundary lines between any school district heretofore formed, where, in the judgment of such board of education, it would be for the best interest of all parties affected."

The part of the section quoted clearly invested the board with a sound discretion in the formation of a new school district. Its orders forming new districts will not be disturbed on appeal unless it appears that such orders were arbitrary or unreasonable. No such finding was made in the instant case. Unless the testimony reflected that the order of said board was arbitrary and unreasonable, it was improper to vacate same and dismiss the petition. Discretion to form new districts is vested by the

act in the several boards of education and not in the circuit court.

It is also apparent that the trial court in his finding and conclusion of law treated the several districts involved as the parties in interest, rather than treating the parties residing in the whole territory involved as the interested parties to be affected. He based his finding that it would not be to the best interest of all parties affected to form the new district upon the fact that it would not be to the best interest of parties residing in Districts 5, 6 and 8 to consolidate said districts with Districts Numbers 30 and 31, although a large majority of the parties to be affected resided in the two latter districts. In our view this was not a correct interpretation of the act quoted. The language used clearly refers to parties residing in the territory to be incorporated in the new district as a whole, and not to parties residing in some particular part thereof. The proper interpretation of the language used in the act is that the board may consolidate the proposed territory into a new district if, in the judgment of the board, it would be to the best interest of all parties residing in the district as a whole, meaning, of course, a substantial majority of all the parties residing in the territory. The exercise of a sound discretion on the part of the board in the organization or formation of a new district upon proper petition does not mean that the board may greatly inconvenience, oppress or outrage any parties residing in any part of the territory. The true interpretation of the statute is that the wishes and convenience of a substantial majority in the whole territory should be respected if, in doing so, it would not greatly harm the other parties affected. Our interpretation of the statute finds support in the cases of *Stephens* v. *School District No. 85,* 104 Ark. 145, 148 S. W. 504; *Carpenter* v. *Leatherman,* 117 Ark. 531, 176 S. W. 113; *Irons* v. *Independent School District No. 2,* 119 Minn. 119, 137 N. W. 303; *School District No. 36* v. *School District No. 31,* 134 Minn. 82, 158 S. W. 729; and *Chicago B. & Q. R.*

*Co.* v. *Byron School Dist. No. 1,* 37 Wyo. 259, 260 Pac. 537, and cases cited therein.

On account of the errors indicated the judgment is reversed, and the cause is remanded with directions to retry the cause in accordance with the interpretation we have placed upon act 156 of the Legislature of 1927.

McHANEY, J. Conceiving, as I do, that the effect of the evidence before the court wholly fails to show that the county board of education acted arbitrarily or in an unreasonable way, I am of the opinion that the judgment should be reversed and that the cause be dismissed. I agree with the majority that the cause should be reversed, and that the proper construction of the act has been made. I therefore concur in the judgment. Mr. Justice KIRBY also concurs.