SCHOOL DISTRICT No. 26 *v.* BAXTER COUNTY BOARD OF EDUCATION.

Opinion delivered February 23, 1931.

*Northcutt & Northcutt* and *Claude Cowart,* for appellant.

*Kent K. Jackson,* for appellee.

KIRBY, J. On a petition duly filed on the 19th day of September, 1929, the county board of education of Baxter ·County made an order in accordance with the prayer of the petition consolidating ·School Districts Nos. 61 and 26 into School District No. 61, under the provisions of the statute, § 8823, Crawford & Moses' Digest, as amended by act 156 of 1929.

An appeal was taken from this order to the circuit court, where, upon a hearing, the order of the board of education was affirmed, the court saying: ''There has been a mass of testimony introduced and the court cannot tell, from the evidence, whether some of the signers of the petition lived in the territory affected by the order of consolidation or whether they reside in that part of Norfolk Township not affected or not included in the order of consolidation. The board of education has threshed that matter out, and the court, to some extent, respects their acts and findings in the matter.'' This language was preceded by the court's finding: "that a majority of the qualified electors of the territory affected by the proposed consolidation signed the petition asking for the order of consolidation.''

The court, after finding that it would be for the best interests of a substantial majority of persons residing in the territory affected, further found that the order of the county board of education should be affirmed and so ordered, ''except that the court will order that for a period of two years the board of directors of the consolidated district maintain and operate a school in the present School District No. 26 of not less than the first six grades, and for a period of not less than eight months each year, or until transportation facilities can and will be furnished to the school children of District No. 26, and that after the expiration of said two years the maintenance and operation of a school in District No. 26 shall be left to the discretion of the board of directors of the consolidated district, as in the judgment of the

board would be for the best interest of the persons living in what is now District No. 26.''

This appeal is prosecuted from this judgment.

It is urged that the court's finding that the petition for consolidation of Districts Nos. 61 and 26 was signed by a majority of the qualified electors in the territory to be affected is contrary to the evidence, and that its judgment of affirmance of the board's order of consolidation, with a condition attached, was beyond the court's power and ineffectual to consolidate the districts.

It is true the testimony was in conflict as to the number of qualified electors residing in the territory affected and as to whether the petition contained a majority thereof, but there was much testimony showing such to be the fact. The postmaster in the district who procured the signers to the petition testified that it contained such a majority, making explanations of all exceptions thereto as to particular individuals challenged as not being legal petitioners; and the court also gave some weight to the finding of the board on this point, as it had a right to do. *Bledsoe* v. *McKeowen,* 181 Ark. 584, 26 S. W. (2d) 900. In *School District No. 26* v. *District No. 32,* 177 Ark. 497, 6 S. W. (2d) 826, the court said: ''We are not called upon to determine whether the judgment of the court is supported by the weight of the evidence. The rule is that if the finding of the court is supported by any substantial evidence this court cannot disturb it on appeal.''

Although it is true that the county boards of education are vested by law with a sound discretion in the determination of matters necessary to the formation of new school districts and the orders therefor, subject to review only when it appears that such orders are arbitrary or unreasonable, no such discretion is vested in the circuit court as held in *Bledsoe* v. *McKeowen, supra.* The court therefore was without authority, having found that the order of consolidation was valid and should be affirmed, to attempt to make its judgment conditional upon the

continuance by the board of a certain grade of school for two years in the territory of one of the districts consolidated, in order that transportation facilities to the central school could be furnished for the children therein. Such order was but only surplusage not affecting the validity of the judgment of affirmance of the board's order of consolidation, which the court had the power to make, and amounted to no more than a suggestion to the board of the best method for effecting in fact the consolidation of the schools.

We find no error in the record, and the judgment is affirmed.