### PERRY *v.* GILL.

Opinion delivered January 11, 1932.

*Alexander & Cooper* and *T. J. Crowder,* for appellant.

1100

*Jesse Taylor* and *W. Leon Smith,* for appellee.

KIRBY, J. This appeal is prosecuted from a judgment of the circuit court affirming and approving the order of the county board of education consolidating School Districts No. 23 and No. 44 of Mississippi County.

One hundred and sixty-three petitioners filed with the board of education a petition praying the creation of a new school district to be formed out of the territory theretofore embraced in School Districts Nos. 23 and 44. Forty-five of the petitioners were residents of School District No. 44, and one hundred and eighteen of School District No. 23. It was stipulated that the petitions contained a majority of the qualified electors of both districts, Nos. 23 and 44, residing in the entire territory, although it did not contain a majority of the qualified electors in said School District No. 44. The two school districts adjoined each other, and State Highway No. 18 runs practically through the center of them. The school building in said District No. 23 is situated in the town of Dell, and is a modern two-story brick building costing about $30,000. The town of Dell is located on State Highway No. 18. The school house in District No. 44 is a small frame building located about 3½ miles west of Dell and about 1¼ miles south of said hard surface road. Neither school district was financially able to maintain more than a grammar school, and the purpose of the consolidation and creation of a new school district was to make a larger unit, in order that the pupils of both districts might have the benefits of a junior high school. Eighty-one electors from District No. 44 signed a remonstrance before the County Board of Education against the creation of the new district.

It is contended by appellants that the petition was insufficient, not being signed by a majority of qualified electors in each of such districts. The law only requires, however, that such petition be signed by a majority of the qualified electors in both districts sought to be consolidated, and not that it contain a majority of the quali-

fied electors in each of said districts, as held in the case of *Beard* v. *Albritton,* 182 Ark. 588, 31 S. W. (2d) 959.

The discretion to form such new districts is vested in the several boards of education. *Bledsoe* v. *McKeowan,* 181 Ark. 584, 26 S. W. (2d) 900.

The testimony is ample to show that the law requiring a certain number of notices to be posted in the territory to be consolidated was complied with and that the form of these notices was sufficient. It is true that the copy of the notices posted in the districts of application for the consolidation thereof had been lost after the hearing before the board of education and could not be introduced at the trial on the appeal in circuit court, but it was shown by testimony of witnesses that they were made on blank forms of notices supplied by the State Board of Education for use in such cases, and it was conceded that they gave the correct numbers of the districts, the territory of which was to be consolidated, with a correct description also of the limits and boundaries of the lands to be included in the consolidated district. The notice having been lost or mislaid, proof of its contents could be supplied by witnesses who had knowledge of it, and no error was committed by the court in allowing the introduction of such testimony, notwithstanding the insistence that it was not to the best interest of the children of School District No. 44 to have it included in the consolidated district because it was shown that such district had revenue sufficient to take care of the educational needs of the children residing therein and that the schools were adjusted to their accommodation by sessions being held in the summer and winter, allowing the pupils time to assist in the making of the regular crops produced in the territory. The districts were sought to be consolidated, however, for the purpose of furnishing the pupils of both districts the advantages of a junior high school, which could not be carried on or conducted by either of said districts by itself.

It was shown that the pupils of District No. 44 could easily reach the school in the consolidated district, and the order of the county board of education consolidating the old districts is not to be disturbed on appeal unless it appears that such order is arbitrary or unreasonable as held in *Bledsoe* v. *McKeowan, supra,* and no such showing is made against the order of consolidation herein, which both the board of education and the court on appeal found to be for the best interest of all parties affected.

We find no error in the record, and the judgment must be affirmed. It is so ordered.