CARROLL COUNTY BOARD OF EDUCATION *v.*
COUNTY SCHOOL DISTRICT NO. 1 ET AL

5-4306                                    419 S. W. 2d 592

Opinion delivered October 23, 1967

*H. G. Leathers,* for appellant.

*H. Paul Jackson,* for appellee.

PAUL WARD, Justice. This litigation concerns the dissolution [including annexation to two other districts] of County School District No. 1 of Carroll County (an ap pellee here). Appellee was created under Initiated Act No. 1 of 1948 which includes Ark. Stat. Ann. §§ 80-426 to 429 (Repl. 1960) and is found in the Acts of 1949 at pages 1414 to 1416.

On July 1, 1966 the Carroll County Board of Education (appellant here) dissolved the appellee district and annexed approximately the west one-half of the land to the Berryville School District and the east portion to the Green Forest School District.

Appellee (along with residents of District No. 1) prosecuted an appeal to the circuit court, where testimony was introduced by both sides.

At the conclusion of the hearing the trial court set aside the Order made by the Board of Education, dissolved District No. 1, and gave approximately 15% of its territory to the Green Forest School District (described by metes and bounds) and the rest of its territory to the Berryville District. From the above decision and Order appellant prosecutes this appeal, seeking a reversal on two grounds, stated as follows:

(One) "The Board of Education of Carroll County has the authority to annex some or all portions of Carroll County School District No. 1 to another district or districts.

(Two) "The order of the Board of Education was made to more effectively and more efficiently serve the residents of the district; such Order cannot be altered unless it is shown by clear and convincing

evidence that the Board acted in an arbitrary and discriminatory manner.''

*One.* Appellant, under this point, argues that the trial court was in error in holding the Board had no authority to annex portions of District No. 1. What the trial court held was that the Board had no authority of Ark. Stat. Ann. § 80-426 et seq. However, the Board is given this authority under Ark. Stat. Ann. § 80-213 (b) (Repl. 1960), and any error (a point which we do here decide) the trial court may have made is harmless, and does not affect any issue raised on appeal.

*Two.* A careful reading of the record convinces us that the trial court was justified in setting aside the Order of the Board which divided District No. 1 in two equal parts. Such division strongly indicates the Board failed to make a careful study of the matter of convenience to the school children and their parents, and that it disregarded their expressed wishes, which were shown by petitions filed with the Board. Such petitions showed that 85% of the people in District No. 1 chose to join the Berryville District. Furthermore, it is significant, we think, that no one makes any objection to the division made by the trial court.

It is our conclusion, therefore, that the Order of the trial court should be, and it is hereby, affirmed.

Affirmed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. County School District No. 1 of Carroll County came into being by operation of Section 1 of Initiated Act No. 1 of 1948 [Ark. Stat. Ann. § 80-426 (Repl. 1960)]. It is clear to me that the trial court was in error in holding that the County Board of Education had no power to annex territory from the district to other districts under the

provisions of this act (Ark. Stat. Ann. § § 80-426 to 80-429). This authority could be exercised at any time after June 1, 1949. Appellees' contention that this could not be done after this election of directors in the district is contrary to the act itself. Section 3 (Ark. Stat. Ann. § 80-428) clearly indicates that a county board of education may annex all or a portion of the territory of such a district to other districts in order to provide each child access to accredited schools as close to his home as possible. The act distinctly made the provision of such access the duty of the board of the district *and* the county board. Consequently, there is nothing in the act to limit the action of a county board to the period prior to election of a district board. This question was reserved in *Stroud* v. *Fryar,* 216 Ark. 250, 225 S. W. 2d 23. I do not find where it has arisen subsequently.

It then becomes important to determine the scope of appellate review by the circuit court. Appeal within thirty days is provided for by Ark. Stat. Ann. § 80-428. This section does not provide any procedure for appeal or limitation on the scope of review. I take it that § 80-236 governs appeals by any person feeling aggrieved by any final order or decision of a county board of education. It has been specifically held that the circuit court should conduct a trial de novo on an appeal so taken. I think that the circuit court properly tried the case de novo. *School District No.* 26 v. *School District No.* 32, 177 Ark. 497, 6 S. W. 2d 826. Cases cited by appellant holding that the circuit court can only disturb orders of a county board of education when it is clear that a board has acted arbitrarily, unreasonably, or discriminatorily, relate either to proceedings under other statutes specifically limiting the scope of review or to mandamus, certiorari or equitable proceedings. I am not unaware of cases holding that in matters of formation or consolidation of school districts the action of a county board will not be disturbed unless testimony shows it to be arbitrary and unreasonable.

See *Bledsoe* v. *McKeowen,* 181 Ark. 584, 26 S. W. 2d 900; *Priest* v. *Moore,* 183 Ark. 999, 39 S. W. 2d 710; *Milsap* v. *Holland,* 184 Ark. 996, 44 S. W. 2d 662; *Perry* v. *Gill,* 184 Ark. 1099, 44 S. W. 2d 1084; *School District No.* 26 v. *Baxter County Board of Education,* 183 Ark. 295, 35 S. W. 2d 1013. These decisions are based on a statute providing that such action be taken where, in the *judgment* of the county board of education, it would be for the best interest of all parties affected. It was pointed out in the *Baxter County* case that this meant the board had a discretion in the matter, but the court did not. No such language appears in the statute involved here and the provision for appeal is in the same section as the provision for board action. I feel that trial de novo under the authority above cited was proper here. However, I find nothing to indicate that either the Green Forest District or the Berryville District, to which the territory of School District No. 1 was annexed, has consented to the annexations. This is necessary to the annexation (§ 80-428). I would reverse and remand for a new trial in the circuit court.