Boone Co. Board of Ed. *v.* Harrison School Dist. No. 1

5-3937                               406 S. W. 2d 365

Opinion delivered October 3, 1966

*Williams* & *Gardner,* for appellant.

*Fitton* & *Meadows,* for appellee.

Guy Amsler, Justice. This case involves a dispute over some 600 to 700 acres of land that each district involved desires to have within its boundaries. The acreage had a taxable value of approximately $52,000.00 and 8 pupils were residing thereon in 1965.

In January of 1965 the directors of Bergman School District (called Bergman herein) petitioned [Ark. Stat. Ann. § 80-412 (Repl. 1960)] the Boone County Board of Education (hereinafter called County Board) for a boundary line change.

Directors of the Harrison School District (called Harrison) refused to agree and the County Board acting pursuant to authority given it under Ark. Stat. Ann. § 80-412, supra, fixed the boundary line so that the disputed area was transferred to Bergman.

Harrison appealed to the Circuit Court of Boone County and that court reversed the County Board— basing its conclusion on our decision in *School District No.* 10 v. *County Board of Education,* 185 Ark. 328, 47 S. W. 2d 606. Bergman and County Board have appealed.

The only point relied on by appellants for reversal is:

"That the lower court erred in holding that the area of land involved in the Board of Education's modification of boundary lines was substantial."

The learned trial judge determined that the change in boundary line was of a substantial nature and that therefore the action of County Board was void. In *School District No.* 10 v. *County Board of Education, supra,* we said:

"No notice was given of the proposed change of the boundaries amounting to annexation of territory, in accordance with said § 44, [Ark. Stat. Ann. § 80-404 (Repl. 1960)] nor any petitions presented or election held for that purpose, and the county board was without jurisdiction or authority to make the order changing the boundary lines, in effect taking a very substantial part of the territory of one district and annexing it to the other under the guise and procedure as for a change of boundary lines only."

Since the General Assembly has not, subsequent to the above decision, provided the courts a yard stick for determining what constitutes boundary changes of a

"substantial nature" we are not disposed to override the trial court's conclusion.

Affirmed.