GENOA CENTRAL SCHOOL DISTRICT
NO. 1 *v.* BOARD OF EDUCATION OF
MILLER COUNTY et al

77-313                                          565 S.W. 2d 129

Opinion delivered May 1, 1978
(In Banc)
[Rehearing denied May 30, 1978.]

*Smith, Stroud, McClerkin, Conway & Dunn,* by: *Hayes C. McClerkin* and *James N. Nutt,* for appellant.

*Ned A. Stewart, Jr.* and *Damon Young,* of *Young, Patton & Folsom,* for appellees.

FRANK HOLT, Justice. The Texarkana School District No. 7, pursuant to Ark. Stat. Ann. § 80-412 (Repl. 1960), petitioned appellee, Miller County Board of Education, to change the boundary line between it and appellant, the Genoa School District No. 1. The change would result in taking a 35.06 acre tract of land from the Genoa District and adding it to the Texarkana District. Appellant sought relief from the Miller County Circuit Court by way of a writ of certiorari to quash the order of the Board on jurisdictional grounds and by appeal. Two (appellees here) of the three landowners of the 35.06 acres intervened in circuit court and supported the proposed change of boundary and the transfer of the property from the Genoa to the Texarkana District. The court denied the writ and affirmed the Board's action. In doing so the court determined the "sole question before the Court was whether or not the lands in question were of a substantial nature." The court found the Genoa District consisted of "some 52,000 acres;" the land in question, 35.06 acres, comprised only .0006 of 1% of the total district; and its assessed valuation was "minimal in comparison to the assessed valuation of the Genoa District." Based upon these findings, the court concluded the proposed change was not a "substantial alteration."

Appellant contends the court erred in denying its petition for a writ of certiorari to quash the Board's order and finding the evidence sufficient. We need only to discuss the jurisdictional issue. It is appellant's argument that the 35.06 acres alteration in the Genoa District amounts to a substantial boundary change and in effect is an annexation of a part of its territory. Therefore, appellant says the Board should have proceeded under Ark. Stat. Ann. § 80-404 (Repl. 1960) which, *inter alia,* requires the consent of a majority of the electors in each District. Also that Ark. Stat. Ann. § 80-405, 408

(Repl. 1960) requires publication of notice. Appellant argues that the Board's failure to comply with the recited statutory requirements deprived it of any jurisdiction to order the annexation.

Appellees respond that the transfer of the property here is of a *de minimus* nature and, therefore, the County Board properly proceeded under § 80-412 which requires no notice. It is appellant's position that only in rare circumstances did the legislature intend that this statute should be utilized; i.e., to correct district boundary lines so that they would conform to certain geographic lines such as rivers, creeks, or highways. In other words, the legislature did not intend for the statute to be applicable in the case at bar.

We have held that a County Board of Education, utilizing § 80-412, is without jurisdiction to issue an order changing the boundary lines of school districts whenever a substantial part of one district is taken and annexed to another as was done here. *School District No. 10* v. *County Board of Education*, 185 Ark. 328, 47 S.W. 2d 606 (1932). There, in reversing the trial court, we determined that the proper procedure to be followed is provided in § 80-404 as appellant asserts here. In *Boone Co. Board of Ed.* v. *Harrison School Dist. No. 1*, 241 Ark. 138, 406 S.W. 2d 365 (1966), the trial court found that the transfer of 600 to 700 acres from one district to another was substantial in nature. The opinion did not indicate what percentage of the area was involved. In affirming the trial court, we said:

> Since the General Assembly has not, subsequent to the above decision [*School District No. 10* v. *County Board of Education, supra*] provided the courts a yardstick for determining what constitutes boundary changes of a 'substantial nature,' we are not disposed to override the trial court's conclusion.

Inasmuch as the legislature has not provided any "yardstick" during these many intervening years, we hold that the proper procedure to be followed in all cases involving boundary changes made for the purpose of transferring territory from one district to another, as here, is governed by § 80-404 which was not followed. Therefore, the Board's order was void since

it had no jurisdiction and the trial court should have quashed the Board's order. The judgment is reversed and the cause remanded with directions to grant the writ of certiorari and quash the County Board's order changing the boundary lines of the two districts.

Reversed and remanded.

FOGLEMAN, J., dissents.