## Billy HOLDEN *v.* Paul VENT

80-185                                         605 S.W. 2d 463
Supreme Court of Arkansas
Opinion delivered October 6, 1980

*Macom, Moorhead & Green*, by: *J. W. Green, Jr.*, for appellant.

*Robertson & Rhodes*, for appellee.

GEORGE ROSE SMITH, Justice. At the school election on March 13, 1979, the parties to this election contest, Billy Holden, and Paul Vent, were two of four candidates for school director in Carlisle School District No. 3. A month before the election Vent asked Holden to withdraw, because Holden resided just outside the district, in an adjoining Humnoke school district. Instead of withdrawing, Holden obtained an agreement, approved by the County Board of Education on February 23, by which the Humnoke district

purported to transfer 80 acres, on which the Holden house is situated, to the Carlisle district in exchange for a transfer of 40 acres by the Carlisle district.

Holden was certified as the winner of the election, with Vent running fourth. Vent, however, filed this action asking for a new election because Holden was not a qualified candidate. The circuit court sustained the contest and ordered a new election, but the judgment recites that Holden is now a qualified elector of the Carlisle district. An appeal and cross appeal bring both points up for review. The Court of Appeals certified the case to this court.

The statute requires a school director to be a bona fide resident and qualified elector of the district which he serves. Ark. Stat. Ann. § 80-504 (Repl. 1980). The attempted exchange of territory between the two districts was void, because a county board of education cannot transfer territory from one district to another without the consent of a majority of the electors in each district. § 80-404; *Genoa Central Sch. Dist. No. 1* v. *Board of Education of Miller County,* 263 Ark. 393, 565 S.W. 2d 129 (1978). Hence Holden was not and is not a resident of the Carlisle district. It is immaterial that Holden's wife has served in school elections in the Carlisle district or that his children have been picked up by the Carlisle school buses and have attended school in Carlisle. The controlling fact in this election contest is the place of Holden's residence.

Affirmed on direct appeal and reversed on cross appeal.

PURTLE and STROUD, JJ., concur in part and dissent in part.

JOHN F. STROUD, Justice, concurring in part, dissenting in part. The majority opinion holds the exchange of territory between the two districts was void because the consent of a majority of the electors in each district was not obtained as required by Ark. Stat. Ann. § 80-404 (Repl. 1980). This court mandated that result when it decided *Genoa Central School Dist. No. 1* v. *Board of Education of Miller County*, 263 Ark. 393, 565 S.W. 2d 129 (1978) by stating:

 . . . we hold that the proper procedure to be followed in

*all* cases involving boundary changes made for the purpose of transferring territory from one district to another, as here, is governed by § 80-404 ... (Emphasis added.)

That interpretation virtually eliminated the plain effect of § 80-412 without declaring the statute unconstitutional. In *Genoa Central*, supra, this court restricted the application of § 80-412 "... to correct district boundary lines so that they would conform to certain geographic lines such as rivers, creeks, or highways." The statute clearly contains no such limitation:

Change of district boundary lines by school directors. — Upon the application of the school directors of any school district desiring an adjustment or change of boundary line or lines between their district and adjoining district, the county board of education shall, within ten [10] days after the receipt of such application call a joint meeting of themselves and of the school directors of the districts concerned, for the purpose of adjusting and changing boundary lines. After a hearing at which the chairman of the county board shall preside, the county board of education shall issue an order changing the boundary line or lines between the district concerned. Such changes or adjustments [are] to be made in accordance with the approval of the majority of the members of the school boards of the districts concerned. In case the school directors are unable to agree on the proposed change in boundary line or lines, the county board shall adjust and fix such boundary lines in accordance with their best judgment or shall rule that the boundaries remain unchanged.

In this case the procedure outlined in § 80-412 was follows and land which included appellant's residence was validly transferred by the Lonoke County Board of Education from Humnoke School District No. 5 to Carlisle School District No. 3 in exchange for other land transferred to the Humnoke district. The transfer was not made 45 days prior to the school election, so appellant's name was properly left off the ballot as required by Ark. Stat. Ann. § 80-308 (Repl.

1980), but in my opinion, appellant is now a qualified elector of the Carlisle district. I would overrule the *Genoa Central* decision insofar as it is inconsistent with this dissenting opinion. I would, therefore, affirm the trial court and deny the cross-appeal.

PURTLE, J., joins in this opinion.