The Honorable Jim von Gremp State Representative P.O. Box 866 Bentonville, AR 72712-0866
Dear Representative von Gremp:
This is in response to your request for an opinion on the following questions:
 Does a County Board of Education have the authority, pursuant to Arkansas Code Annotated § 6-12-109(b)(2) to alter a boundary between two (2) school districts by taking an area comprised of several city blocks from one school district and placing it in an adjacent district?
 2(a)If the answer to question number 1 is "yes," then what is the procedure "in accordance with the law" that the County Board must follow to accomplish such a boundary change?
 2(b)Would the boards of the two (2) school districts involved be required to approve, or in any way act upon, the boundary change?
 2(c)How must such a boundary change be initiated by petition? If so, what are the legal requirements for such a petition?
 2(d)What other procedures would the County Board be required to follow?
 If the answer to question number 1 is "no," is there a procedure to effect such a boundary change? If so, what is the procedure?
 It is my opinion, in response to all three of your questions above, that a county board of education does not have the authority to effect a "boundary change" by removing territory from one district and placing it into another at its will. Such an action would in all likelihood be deemed an "annexation" of territory and must be accomplished in compliance with A.C.A. §§ 6-13-1201 to 1208 (Repl. 1993).
The statute you reference, A.C.A. § 6-12-109, provides in subsection (b) that county boards of education have the authority:
 (b)(2) To form local school districts, change boundary lines of school districts, dissolve school districts and annex the territory of such district to another district, create new school districts, and perform all other functions regarding changes in school districts, in accordance with the law. [Emphasis added.]
This section was originally enacted in 1931. In 1991, the laws governing the consolidation, annexation and formation of school districts were "clarified" by Act 966 of 1991. This act is now codified at A.C.A. §§ 6- 13-1201 to -1208. In 1993, many of the former laws governing annexation and consolidation were repealed by Act 294 of 1993. Subchapter twelve of chapter thirteen of title six now provides the relevant law with regard to annexation.
Thus, the "law" with regard to annexation and consolidation of school districts is now found in A.C.A. §§ 6- 13-1201 to -1208. At some point, the change of a "boundary line" of a school district will amount to an annexation of territory of one district by another. This was recognized as early as 1932, in SchoolDistrict No. 10 v. County Board of Education, 185 Ark. 328,47 S.W.2d 606 (1932), where the court held that a county board of education is without jurisdiction to take a substantial part of one school district and annex it to another district under the guise of adjusting the boundaries, where no petition of a majority of the qualified electors of the former district was filed and no election on the question was held authorizing the change of boundaries, as was required by the law at that time. This principle was recognized as recently as 1978, in Genoa CentralSchool District No. 1 v. Board of Education, 263 Ark. 393,565 S.W.2d 129 (1978), where the court, in response to frustration over the failure of the legislature to provide any statutory guidance over the definition of a "substantial amount of territory" held that the proper procedure to be followed in allcases involving boundary changes made for the purpose of transferring territory from one district to another is by the procedures provided in former Ark. Stat. Ann. 80-404 (later A.C.A. § 6-13-201, now repealed), which required consent of a majority of the electors. (The County Board purported to proceed under former Ark. Stat. Ann. 80-412, later A.C.A. § 6-13-213 (now repealed), which granted the county boards certain authority to change boundary lines.)
Thus the latest Arkansas case on the question of when a "boundary change" becomes an "annexation of territory" for purposes of applying statutory requirements attendant thereto, states that any time territory is taken from one district and placed in another, the annexation laws apply. Although the statutes have changed since the handing down of the Genoa decision, in my opinion the principle set out in that case, which was originated some forty years earlier in the School District No. 1 case, is still sound. A county board of education may not, under the guise of a "boundary change" pursuant to A.C.A. § 6-12-109(b)(2), move a portion of territory from one district to another without complying with the statutory requirements for annexation. This conclusion is buttressed, with reference to A.C.A. § 6-12-109, by that statute's reference to the fact that the boundary change must be accomplished "in accordance with the law." This law, in my opinion, is now A.C.A. §§ 6-13-1201 to -1208. I have enclosed a copy of this law which should answer each of the questions you have posed with regard to the proper procedure to be followed to effect this "boundary change."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT
Attorney General
WB:ECW/cyh
Enclosure